FEENEY, Appellee and Cross–Appellant,

v.

ESHACK et al., Appellants and Cross–Appellees.

[Cite as *Feeney v. Eshack* (1998), 129 Ohio App.3d 489.]

Court of Appeals of Ohio,
Ninth District, Summit County.

Nos. 18464, 18473, 18573.

Decided Aug. 19, 1998.

---

*Dennis J. Bartek* and *David G. Lombardi,* for appellee and cross-appellant.

*William P. Michaels,* for appellant and cross-appellee John Eshack.

*John T. McLandrich* and *John P. Rodman,* for appellant and cross-appellee the Bucket Shop.

---

REECE, Judge.

This action came before the Summit County Court of Common Pleas involving multiple parties. Pat Feeney, appellee and cross-appellant, brought a personal injury action against John Eshack, appellant and cross-appellee, and Louis Berrodin, Jr., d.b.a. the Bucket Shop, appellant and cross-appellee. After a trial by jury, a verdict was returned against both Eshack and the Bucket Shop. All parties appealed, and the cases have been consolidated for their disposition by this court. Eshack assigns four errors, the Bucket Shop raises one assignment of error, and Feeney asserts one cross-assignment of error. We will address each individually.

I

On April 18, 1992, Feeney and a friend went to the Bucket Shop, a bar in Akron, Ohio. In the early morning hours of April 19, 1992, Eshack approached Feeney near the rear entrance of the Bucket Shop. The two men were acquaintances from the bar. Eshack shook Feeney's hand rather vigorously and then grabbed Feeney, and the two men began spinning. They eventually went out the rear entrance and onto the stoop. At that time, Feeney had hold of Eshack by his shirt, and Eshack held Feeney by his jacket. In an attempt to make Feeney let go, Eshack attempted a wrestling move known as the heel pick. As a result of this maneuver, Feeney suffered a serious injury to his right knee. Numerous surgeries and physical therapy sessions proved unsuccessful; Feeney's knee was permanently damaged.

On April 15, 1994, Feeney brought a personal injury action against Eshack and the Bucket Shop seeking damages for his injury. The complaint alleged that Feeney had been injured as a result of Eshack's intentional and/or negligent conduct and the Bucket Shop's negligence. The case proceeded to trial on a theory of negligence only. The jury returned a verdict against both Eshack and the Bucket Shop holding them jointly and severally liable. Feeney was awarded damages in the amount of $300,000. Feeney then sought an award of prejudgment interest, and his claims against Bucket Shop were submitted to arbitration. The trial court denied Feeney's motion for prejudgment interest. Eshack, the Bucket Shop, and Feeney all appealed; the three cases were later consolidated.

## II

### Eshack's First Assignment of Error

"The lower court erred in overruling defendant Eshack's motion for summary judgment and motion for directed verdict, brought on the grounds that the expired one year statute of limitations for assault and battery governed rather than the statute of limitations for negligence."

Eshack contends that Feeney's claim actually lay in the intentional tort of assault and battery and not negligence and, therefore, that the statute of limitations had run prior to commencement of this action. He argues that because the statute of limitations had expired, the trial court erred in not granting his motion for summary judgment. We agree.

In reviewing the trial court's grant of summary judgment, this court must apply the same standard used by the trial court. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121, 1122–1123. Pursuant to Civ.R. 56(C), summary judgment should be granted where no genuine issue as to any material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and in viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to that party. When applying this standard, we find the trial court erred in not granting Eshack's motion for summary judgment.

Feeney's complaint alleged that Eshack intentionally and/or negligently caused physical harm to Feeney. R.C. 2305.111 sets the statute of limitations for assault and battery: "An action for assault or battery shall be brought within one year after the cause of action accrues." An action accrues upon the date on which the alleged assault or battery occurred. *Id.* An action in negligence carries a two-year statute of limitations pursuant to R.C. 2305.10. In *Vandiver v. Morgan Adhesive Co.* (1998), 126 Ohio App.3d 634, 638, 710 N.E.2d 1219, 1221, this court held that in order "[t]o determine which of two limiting statutes applies, it is necessary to look at the true nature or subject matter of the act or acts giving rise to the complaint." *Id.*, citing *Doe v. First United Methodist Church* (1994), 68 Ohio St.3d 531, 536, 629 N.E.2d 402, 406–407. The appropriate statute is not determined simply by looking at the form of the pleading. *Id.* " '[T]hrough clever pleading or by utilizing another theory of law, the assault and battery cannot be [transformed] into another type of action subject to a longer statute of limitations as it would circumvent the statute of limitations for assault and battery to allow that to be done.' " *Love v. Port Clinton* (1988), 37 Ohio St.3d 98, 100, 524 N.E.2d 166, 168, quoting *Grimm v. White* (1980), 70 Ohio App.2d 201, 203, 24 O.O.3d 257, 258, 435 N.E.2d 1140, 1141–1142. Therefore,

"[w]here the essential character of an alleged tort is an intentional, offensive touching, the statute of limitations for assault and battery governs even if the touching is pled as an act of negligence." *Id.* at 99, 524 N.E.2d at 168.

In the case *sub judice*, although Feeney pleaded an action in negligence, the true nature of Eshack's actions is battery. In *Hunter v. Shenango Furnace Co.* (1988), 38 Ohio St.3d 235, 527 N.E.2d 871, the Ohio Supreme Court stated that " '[a] person is subject to liability for battery when he acts intending to cause a harmful or offensive contact, and when a harmful contact results.' " *Id.* at 237, 527 N.E.2d at 873, quoting *Love, supra,* 37 Ohio St.3d at 99, 524 N.E.2d at 167–168. A person must do some positive and affirmative act to be liable for a battery. *Id.* Eshack did an affirmative act by heel picking Feeney, an offensive contact that resulted in harm. Contrary to Feeney's argument, it is not necessary to intend the harmful result; it is sufficient to intend the offensive contact that causes the injury. *Id.* Eshack's liability lay in battery, not negligence. Thus, the statute of limitations set forth in R.C. 2305.111 governs.

Therefore, we find no genuine issue of material fact, and Eshack is entitled to a judgment as a matter of law because reasonable minds can come to but one conclusion: that this action was filed outside the statutory time limits. Eshack's first assignment of error is well taken.

Based on our disposition of Eshack's first assignment of error, the remaining assignments of error are moot and will not be considered pursuant to App.R. 12(A)(1)(c).

### III

### The Bucket Shop's Assignment of Error

"Whether the trial court erred by failing to give an instruction to the jury on comparative negligence."

The Bucket Shop contends that the evidence presented at trial was sufficient to require the trial court to instruct the jury on comparative negligence of Feeney. We agree.

"A charge to the jury should be a plain, distinct and unambiguous statement of the law as applicable to the case made before the jury by the proof adduced." *Marshall v. Gibson* (1985), 19 Ohio St.3d 10, 12, 19 OBR 8, 10, 482 N.E.2d 583, 585, citing *Parmlee v. Adolph* (1875), 28 Ohio St. 10, 1875 WL 219, paragraph two of the syllabus. In instructing the jury, the court must separately and definitely state the issues of fact made in the pleadings and instruct as to each issue presented by the evidence. *Baltimore & Ohio R.R. Co. v. Lockwood* (1905), 72 Ohio St. 586, 74 N.E. 1071, paragraph one of the syllabus. An

incomplete or misleading charge to the jury constitutes grounds for reversal of a judgment. See *Columbus Ry. Co. v. Ritter* (1902), 67 Ohio St. 53, 65 N.E. 613. In the instant case, the Bucket Shop raised the issue of Feeney's comparative negligence in its pleadings, and the evidence adduced at trial sufficiently raised the issue.

The facts surrounding the events leading up to and including the injury to Feeney are essentially not in dispute. Eshack and Feeney were acquaintances, and they shook hands on the night of April 18, 1992. They then began spinning around and went out the rear door of the bar onto a stoop. At that point, each man had hold of the other by the shirt or jacket. They exchanged words, and Eshack then attempted a heel pick to make Feeney release him, resulting in the injury. The dispute arises whether Feeney was consensually engaging in this horseplay, or whether he was attempting to avoid being injured by his aggressor, Eshack. Evidence was presented during trial that would support a charge of comparative negligence on the part of Feeney.

In *Simko v. Miller* (1938), 133 Ohio St. 345, 10 O.O. 535, 13 N.E.2d 914, the court stated, "A jury is entitled to receive from the court such instructions in the general charge as will fully place it in possession of the issuable facts in controversy as pointed out by the pleadings and the evidence." *Id.* at 358, 10 O.O at 541, 13 N.E.2d at 920. In the instant action, the trial court failed to instruct the jury as to comparative negligence, making the charge as a whole misleading. As noted in *Simko*, we do not directly attack the judgment reached by the jury. The verdict was not responsive to the issues because incomplete and misleading jury instructions were given. As a result, the issues were not fairly presented to the jury, prejudice resulted, and a new trial is warranted. The Bucket Shop's assignment of error is well taken.

## IV

### Feeney's Cross–Assignment of Error

"The trial court erred in failing to award prejudgment interest."

Feeney claims that due to Bucket Shop and Eshack's lack of good faith in negotiating a settlement, he is entitled to prejudgment interest. However, based upon our disposition of both the Bucket Shop's and Eshack's assignments of error, Feeney's cross-assignment of error is moot. Accordingly, we need not reach the merits of this claim under App.R. 12(A)(1)(c).

## V

Eshack's first assignment of error and the Bucket Shop's sole assignment of error are well taken. Feeney's cross-assignment of error is moot. We reverse

the judgment and remand the case to the Summit County Court of Common Pleas for further disposition consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

SLABY, P.J., and BAIRD, J., concur.