DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiffs-Appellants William E. Blanton and Christina M. Williams appeal the decision of the Pike County Court of Common Pleas, which dismissed their action against Defendants-Appellees Joshua Alley and Jackie Alley on the basis that it was barred by the statute of limitations. Appellants assert that the trial court erroneously applied a one-year statute of limitations to all the claims brought in their action. Thus, appellants contend that not all of their claims are barred by the statute of limitations.
 {¶ 2} For the reasons that follow, we disagree and affirm the judgment of the trial court.
 The Proceedings Below I. Appellants' Complaint {¶ 3} On October 9, 2001, Plaintiffs-Appellants William E. Blanton and Christina M. Williams filed with the Pike County Court of Common Pleas, a pro se complaint against the following defendants: (1) Joshua Alley; (2) Rex Maynard; (3) Jackie Alley; (4) James Alley, Jr.; and, (5) "John Doe." The complaint asserted claims for assault, battery, intentional infliction of emotional distress, and negligence arising from a motor vehicle collision and physical altercation.
 A. Claims Arising from the Collision {¶ 4} In their complaint, appellants asserted that on October 15, 1999, Blanton was operating a motor vehicle on Red Hollow Road, near Stockdale, Ohio. Blanton was waiting to make a left turn off of Red Hollow Road and into a private driveway when a vehicle driven by James Alley, Jr., went left of center and collided head on with Blanton's vehicle. Immediately following the collision with James Alley, Jr.'s vehicle, a vehicle driven by Jackie Alley struck Blanton's vehicle from behind.
 {¶ 5} Appellants alleged that James Alley, Jr., and Jackie Alley were negligent in failing to maintain a clear distance between their vehicles and Blanton's vehicle, as well as driving in the wrong lane of travel and failing to observe traffic stopped ahead of them. In addition, appellants also asserted that the actions of James Alley, Jr., and Jackie Alley were "intentional, willful, and wanton." Appellants also asserted that the negligent or intentional acts of James Alley, Jr., and Jackie Alley proximately resulted in bodily injury to Blanton and property damage to his 1985 Cadillac.
 B. Claims Arising from the Physical Altercation {¶ 6} Appellants further alleged that following the collision between the vehicles, the defendants dragged Blanton from his vehicle and kicked, struck, and beat him repeatedly with various weapons. Evidently, Christina Williams, who was pregnant at the time, heard the collision and saw the ensuing melee. Williams attempted to come to the aid of Blanton, but the defendants struck, beat, and kicked her as well.
 {¶ 7} Appellants asserted that the defendants' actions towards them constituted assault, battery, and intentional infliction of emotional distress, and that they suffered serious physical injuries from their encounter with the defendants.
 C. Process {¶ 8} Appellants' complaint and summons were served upon Defendant Rex Maynard and Defendants-Appellants Joshua Alley and Jackie Alley. James Alley, Jr., was never served with a summons and complaint via certified mail. No service by ordinary mail or publication was attempted or requested.
 II. Defendants' Answers {¶ 9} Joshua and Jackie Alley filed an answer to appellants' complaint, which, among other things, asserted that the statute of limitations barred appellants' claims.
 {¶ 10} Since James Alley, Jr., was never served with the complaint, he never filed an answer.
 {¶ 11} Rex Maynard failed to file an answer and default judgment was eventually entered against him and in favor of appellants.
 III. Appellees' Motion to Dismiss {¶ 12} Appellees subsequently filed a motion to dismiss appellants' complaint pursuant to Civ. R. 12(B)(6). Appellees asserted that appellants' claims were barred by the one-year statute of limitations applicable to claims of assault and battery found in R.C. 2305.111.
 {¶ 13} Appellants filed a memorandum contra appellees' motion arguing that their complaint asserts several claims that are governed by longer statutes of limitations, to wit: (1) two-year statute of limitations on claims of negligence; and, (2) four-year statute of limitations on claims of intentional infliction of emotional distress.
 {¶ 14} The trial court ruled in favor of appellees, finding that appellants' claims were barred by the statute of limitations. Accordingly, the trial court dismissed appellants' action.
 The Appeal I. Appellants' Assignments of Error {¶ 15} Appellants timely filed their notice of appeal and present the following assignments of error for our review.
 {¶ 16} First Assignment of Error: "The trial court erred by generally dismissing all claims set forth in the original pleadings on the grounds of expiration of the statute of limitations when multiple claims, each with different statutes of limitations, were alleged and not all of the statutes of limitations were expired."
 {¶ 17} Second Assignment of Error: "The trial court erred by applying the one-year statute of limitations to the date of the occurrence of an assault and battery even though the plaintiff did not learn of the identity of the assailants until a later date."
 II. Appellate Jurisdiction {¶ 18} Initially, we must address a threshold issue of whether this Court has jurisdiction to address the merits of appellants' assignments of error. In the event that the parties involved in the appeal do not raise this jurisdictional issue, as in this case, then we must raise it sua sponte. See Whitaker-Merrell v. Geupel Co. (1972),29 Ohio St.2d 184, 186, 280 N.E.2d 922.
 {¶ 19} Appellate courts in Ohio have jurisdiction to review the final orders of lower courts in their district. See Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02; Prod. Credit Assn. v.Hedges (1993), 87 Ohio App.3d 207, 210, 621 N.E.2d 1360, fn. 2; Kouns v.Pemberton (1992), 84 Ohio App.3d 499, 501, 617 N.E.2d 701. "An order of a court is a final, appealable order only if the requirements of both Civ. R. 54(B), if applicable, and R.C. 2505.02 are met." Chef ItalianoCorp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus.
 A. R.C. 2505.02 {¶ 20} R.C. 2505.02 defines a final order or judgment as one which affects a substantial right and, in effect, determines the action. See R.C. 2505.02. A substantial right is a "legal right entitled to enforcement and protection by law." In re Estate of Wyckoff (1957),166 Ohio St. 354, 358, 142 N.E.2d 660. "A court order which deprives a person of a remedy which he would otherwise possess deprives that person of a substantial right." Chef Italiano Corp. v. Kent State Univ.,44 Ohio St.3d 86, 88, 541 N.E.2d 64. "To be final, an order must also determine an action and prevent a judgment." Id., citing Gen. Elec.Supply Co. v. Warden Elec., Inc. (1988), 38 Ohio St.3d 378, 528 N.E.2d 195, syllabus.
 B. Civ. R. 54(B) {¶ 21} Civ. R. 54(B) provides in pertinent part:
 {¶ 22} "When more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enterfinal judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reasonfor delay. In the absence of such determination, any order * * * which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order * * * is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.) Civ. R. 54(B).
 {¶ 23} "Civ. R. 54(B) applies to those situations where * * * multiple parties are involved in an action, and where the lower court has rendered a final judgment, pursuant to R.C. 2505.02, with respect to fewer than all of the parties." Chef Italiano Corp. v. Kent State Univ.,44 Ohio St.3d 86, 88, 541 N.E.2d 64.
 C. The Case Sub Judice {¶ 24} In the case sub judice, appellants filed an action against multiple parties. The judgment appealed from resolves the claims against two defendants, Joshua Alley and Jackie Alley. Another trial court entry granted default judgment against Rex Maynard. However, not all the claims, against all the defendants, have been resolved or dismissed by the trial court. Claims against James Alley, Jr., and "John Doe" appear to remain unresolved.
 1. John Doe Defendant {¶ 25} According to Civ. R. 15(D), when a plaintiff does not know the name of a defendant, he or she may designate the defendant in a pleading by any name and description. The plaintiff in such a case must aver in the complaint the fact that the name of the defendant or defendants could not be discovered, and when the name of the defendant is discovered, the pleading must be amended. See id. Additionally, Civ. R. 3(A) provides that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing * * * upon a defendant identified by a fictitious name whose name is later corrected pursuant to 15(D)."
 {¶ 26} In the case sub judice, the record indicates that, although appellants named a fictional defendant in their complaint, they did not later identify that party in an amended pleading or serve them with a summons and a copy of the complaint. Thus, since appellants did not amend the complaint pursuant to Civ. R. 15(D) and "did not serve [the fictional defendant] with a summons and a copy of the complaint within one year of the filing of the complaint, the action against [him] was not commenced within the meaning of Civ. R. 3(A)." Woodham v. Elyria Mem. Hosp. (July 5, 2001), Lorain App. No. 00CA7736; see, also, Lash v. Miller (1977),50 Ohio St.2d 63, 64-65, 362 N.E.2d 642 (holding that, "Effective service of summons on the defendant is a necessary prerequisite to the commencement of a civil action.").
 {¶ 27} Therefore, the action against the fictional defendant was never duly commenced, since service of process was never obtained pursuant to Civ. R. 3(A) and 15(C) and (D). See id. ; Knott v.Bridgestone/Firestone Tire and Rubber Co. (Sept. 25, 1996), Summit App. No. 17829, fn. 2, citing Hobbs v. Lopez (1994), 96 Ohio App.3d 670, 675,645 N.E.2d 1261.
 2. James Alley, Jr. {¶ 28} Civ. R. 3(A) also provides that "[a] civil action is commenced by a filing of a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * *." (Emphasis added.) James Alley, Jr., never received service of the complaint and summons within one year from the filing of the complaint. Accordingly, appellants did not duly commence the action against Defendant James Alley, Jr.
 3. Actions Not Commenced {¶ 29} Thus, the claims against "John Doe" and James Alley, Jr., were not properly commenced and not before the trial court for its consideration. See Civ. R. 3(A). Accordingly, because all the claims presented before the trial court have been resolved and the order appealed determined the action, Civ. R. 54 does not apply in the present case and the trial court's judgment is a final appealable order pursuant to R.C. 2505.02. See, e.g., Woodham and Knott, supra; Drexler v. GreaterCleveland Regional Transit Auth. (1992), 80 Ohio App.3d 367, 369,609 N.E.2d 321; Studor v. Seneca Cty. Humane Soc. (May 4, 2000), Seneca App. No. 13-99-59; Roberts v. Hagen (Feb. 9, 2000), Medina App. No. 2845-M, fn. 1; Zivich v. Mentor Soccer Club (Apr. 18, 1997), Lake App. No. 95-L-184; Dillard v. Nationwide Beauty School (Dec. 11, 1990), Franklin App. No. 90AP-273.
 {¶ 30} Therefore, we find that we have jurisdiction over appellants' appeal and now turn to address appellants' assignments of error.
 III. Statute of Limitations {¶ 31} In their First Assignment of Error, appellants argue that their complaint not only asserted claims of assault and battery but also claims of negligence, arising from the initial vehicle collisions, and intentional infliction of emotional distress. Thus, appellants conclude that the trial court erred by dismissing all their claims based on the one-year statute of limitations applicable to actions for assault and battery.
 A. Negligence v. Assault and Battery {¶ 32} R.C. 2305.10 provides that a two-year statute of limitations applies in actions seeking damages for property damage and bodily injury. Thus, actions for negligence are generally governed by a two-year statute of limitations.
 {¶ 33} On the other hand, R.C. 2305.111 provides that a one-year statute of limitations applies in actions for assault and battery.
 {¶ 34} In the present case, appellants asserted that Blanton suffered property damage and bodily injury from the collisions allegedly caused by appellees' negligence. However, appellants also asserted that it was appellees' intentional actions that caused his injuries.
 {¶ 35} By definition, negligent acts are not intentional. "`A person is subject to liability for battery when he acts intending to cause a harmful or offensive contact, and when a harmful contact results.'"Hunter v. Shenango Furnace Co. (1988), 38 Ohio St.3d 235, 237,527 N.E.2d 871, quoting Love v. Port Clinton (1988), 37 Ohio St.3d 98,99, 524 N.E.2d 166. To be liable for battery, "a person must do some positive and affirmative act." Feeney v. Eshack (1998), 129 Ohio App.3d 489,493, 718 N.E.2d 462. Further, for a battery to occur, a harmful result need not be intended; to intend the offensive contact that caused the injury is sufficient. See id.
 {¶ 36} In order "[t]o determine which of two limiting statutes applies, it is necessary to look at the true nature or subject matter of the act or acts giving rise to the complaint." Vandiver v. MorganAdhesive Co. (1998), 126 Ohio App.3d 634, 638, 710 N.E.2d 1219; see, also, Eshack, supra; Doe v. First United Methodist Church (1994),68 Ohio St.3d 531, 536, 629 N.E.2d 402. The form of the pleading does not determine the appropriate statute of limitations. See id. "`[T]hrough clever pleading or by utilizing another theory of law, the assault and battery cannot be [transformed] into another type of action subject to a longer statute of limitations as it would circumvent the statute of limitations for assault and battery to allow that to be done.'" Love v.Port Clinton, 37 Ohio St.3d at 99, 524 N.E.2d 166, quoting Grimm v.White (1980), 70 Ohio App.2d 201, 203, 435 N.E.2d 1140. Accordingly, "[w]here the essential character of an alleged tort is an intentional, offensive touching, the statute of limitations for assault and battery governs even if the touching is pled as an act of negligence." Love v.Port Clinton, 37 Ohio St.3d at 99, 524 N.E.2d 166.
 {¶ 37} In the case sub judice, the true nature of appellees' conduct is battery, even though appellants pled a negligence action. Appellants concede as much in their complaint by asserting that appellees' actions were intentional. Furthermore, considering the complaint in its entirety leads us to conclude that appellants' theory is that appellees ambushed them: immobilizing Blanton's vehicle by striking it from the front and back, pulling Blanton from his vehicle, and beating him. Thus, the true nature of appellants' action is assault and battery.
 {¶ 38} Accordingly, appellants' action is governed by the one-year statute of limitations found in R.C. 2305.111.
 B. Intentional Infliction of Emotional Distress v. Assault and Battery {¶ 39} Appellants also argue that the trial court erred by finding that their claims for intentional infliction of emotional distress were barred by the statute of limitations.
 {¶ 40} In Manin v. Diloreti (1994), 94 Ohio App.3d 777,641 N.E.2d 826, the court held that, "When a party suffers emotional distress that is `parasitic' to another tort, the applicable statute of limitations is the one that applies to actions based upon that other tort." Id. at 779; see, also, Doe v. First United Methodist Church,68 Ohio St.3d 531, 537, 629 N.E.2d 402.
 {¶ 41} In this case, appellants' claims of intentional infliction of emotional distress are based on the assault and battery claims. In other words, absent the assault and battery there is no claim for emotional distress. Accordingly, these claims are "parasitic" to the assault and battery claims and are governed by the same one-year statute of limitations. See id.
 {¶ 42} Since the trial court applied the appropriate statute of limitations, we overrule appellants' First Assignment of Error.
 IV. Accrual of an Action for Assault or Battery {¶ 43} In their Second Assignment of Error, appellants argue that their cause of action for battery did not accrue on the date of the incident because they did not know the identity of their assailants. Based on this premise, they assert that their complaint was timely filed.
 {¶ 44} R.C. 2305.111 provides in pertinent part as follows:
 {¶ 45} "An action for assault or battery shall be brought within one year after the cause of the action accrues. For purposes of this section, a cause of action for assault or battery accrues upon the later of the following:
 {¶ 46} "(A) The date on which the alleged assault or battery occurred;
 {¶ 47} "(B) If the plaintiff did not know the identity of the person who allegedly committed the assault or battery on the date on which it allegedly occurred, the earlier of the following dates:
 {¶ 48} "(1) The date on which the plaintiff learns the identity of that person;
 {¶ 49} "(2) The date on which, by the exercise of reasonable diligence, the plaintiff should have learned the identity of that person." R.C. 2305.111.
 {¶ 50} Appellants' assert that they were unaware of the identity of their assailants at the time of the incident. Appellants maintain that they did not discover the identity of their alleged attackers until sometime after the attack. Specifically, appellants assert that they did not become aware of the identity of their attackers until the police finished their investigation and filed charges against the assailants. Those charges were filed on September 29, 2000.
 {¶ 51} Accordingly, the one-year statute of limitations would bar an action commenced after September 29, 2001. Appellants' complaint was filed on October 9, 2001, nearly two weeks beyond the statute of limitations. See R.C. 2305.111.
 {¶ 52} Nevertheless, appellants also maintain that even after the filing of charges against the defendants, they did not know with "any degree of certainty" the identity of some of the defendants because they raised an alibi defense against these charges. We are unconvinced by this argument, mainly because we can find no authority, and appellants provide us with none, that supports the proposition that raising an alibi as a defense somehow tolls the running of the statute of limitations.
 {¶ 53} Accordingly, appellants' Second Assignment of Error is overruled.
 Conclusion {¶ 54} Since the trial court applied the appropriate statute of limitations as found in R.C. 2305.111, we overrule appellants' assignments of error in toto. Accordingly, we affirm the judgment of the trial court.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellees recover of appellants costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the PIKE COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment Only.
Kline, J.: Dissents.