OPINION
{¶ 1} This is an appeal from a summary judgment ruling of the Court of Common Pleas of Richland County.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 7, 1999, Dr. Kali Haldar performed laparotomy surgery on Appellant, Nancy Johnson, to repair an incisional hernia and lysis adhesions.
 {¶ 3} Thereafter, on December 21, 1999, undigested food was being emitted through the unhealed incision from such operation and she was taken to MedCentral Health System Hospital in Mansfield, Ohio.
 {¶ 4} Dr. Haldar was not available and Appellant examined Appellee.
 {¶ 5} While a consent to surgery by Appellee was obtained, Appellants assert that such surgery was unnecessary and that the consent was obtained on the misrepresentation that Appellant, Nancy Johnson would not survive a trip to Columbus for treatment there rather than by Appellee.
 {¶ 6} Appellee moved for summary judgment, which was granted.
 {¶ 7} The two Assignments of Error are:
 ASSIGNMENTS OF ERROR
{¶ 8} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT TO APPELLEE, DR. MUNTHER, BECAUSE THERE EXISTS MATERIAL QUESTIONS OF FACT AS TO WHETHER DR. MUNTHER HAD INFORMED CONSENT TO PERFORM SURGERY ON THE APPELLANT, NANCY L. JOHNSON.
{¶ 9} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING APPELLANTS JOHNSON DID NOT PLEAD A `BATTERY' AND GRANTING SUMMARY JUDGMENT TO APPELLEE, DR. MUNTHER."
 I.
{¶ 10} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. Civ.R. 56(C) states, in pertinent part:
{¶ 11} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
{¶ 12} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280.
{¶ 13} In the First Assignment of Error, Appellants assert that material facts exist as to whether Appellee had informed consent to perform surgery.
{¶ 14} R.C. 2317.54 provides in part:
{¶ 15} "Written consent to a surgical or medical procedure or course of procedures shall, to the extent that it fulfills all the requirements in divisions (A), (B), and (C) of this section, be presumed to be valid and effective, in the absence of proof by a preponderance of the evidence that the person who sought such consent was not acting in good faith, or that the execution of the consent was induced by fraudulent misrepresentation of material facts, or that the person executing the consent was not able to communicate effectively in spoken and written English or any other language in which the consent is written. Except as herein provided, no evidence shall be admissible to impeach, modify, or limit the authorization for performance of the procedure or procedures set forth in such written consent.
{¶ 16} "(A) The consent sets forth in general terms the nature and purpose of the procedure or procedures, and what the procedures are expected to accomplish, together with the reasonably known risks, and, except in emergency situations, sets forth the names of the physicians who shall perform the intended surgical procedures.
{¶ 17} "(B) The person making the consent acknowledges that such disclosure of information has been made and that all questions asked about the procedure or procedures have been answered in a satisfactory manner.
{¶ 18} "(C) The consent is signed by the patient for whom the procedure is to be performed, or, if the patient for any reason including, but not limited to, competence, infancy, or the fact that, at the latest time that the consent is needed, the patient is under the influence of alcohol, hallucinogens, or drugs, lacks legal capacity to consent, by a person who has legal authority to consent on behalf of such patient in such circumstances."
{¶ 19} Appellee's Motion for Summary Judgment was based on the lack of a medical opinion indicating lack of informed consent or that the surgery was unnecessary as alleged in the Complaint. It was supported by the medical opinion affidavit of Appellee.
{¶ 20} The response states, in conformity with the Complaint, which alleged misrepresentation as to the life threatening condition of Appellant, Nancy Johnson, being the basis for the consent and asserts, that no one in Appellant's family asked that she be treated in Mansfield. This is supported by the depositions of Lia Bouley (T. 21-22) and Appellant, Nancy Johnson (T. 109-110).
{¶ 21} The deposition of the physician's assistant, John Carter Benson, controverts these statements. The transfer to Riverside Hospital in Columbus where Appellant, Nancy Johnson, had been previously treated by Dr. Kennedy by referral from Dr. Haldar, was being contemplated as neither Dr. Haldar nor any doctor on call for him could be located. (Dep. P. 24, Lines 17-18).
{¶ 22} Mr. Benson's memory was supported by contemporaneous hospital records.
{¶ 23} He states at page 30:
{¶ 24} "I do. On review of my dictation I had arrangements made for the patient to be transferred and it was family members, and I don't recall specifically who it was, but I do recall that they did not want the patient transferred. They wanted her to stay locally for her care."
{¶ 25} Also, at page 40-41:
{¶ 26} "Well, my recollection is that upon going back to the patient's room again to sort of give them the wrap-up plan that, yeah, we have an accepting physician, we're going to make arrangements to get you transferred that at that point I believe it was the family's request that she not be transferred, that they — that they wanted her kept locally for care, and that apparently the patient must have then agreed to that or otherwise, you know, we would have transferred her. She was certainly competent to make that decision."
{¶ 27} And, again, on page 47:
{¶ 28} "Basically that would be my conversation with Dr. Munther. We have a patient who is status post whatever procedure she had, seems to have or, you know, clinically is consistent with a fistula, cannot find coverage, patient does not want to be transferred.
{¶ 29} "You said patient does not want to be transferred?
{¶ 30} "Well, ultimately she didn't want to be transferred. She was capable of making the decision whether or not she wanted to stay or go. My recollection is that it was the family's insistence that she stayed, however, the decision was hers."
{¶ 31} Obviously, a dispute exists as to whether Appellee expressed an opinion as to Appellant Nancy Johnson's life-threatening condition preventing transfer.
{¶ 32} The contemporaneous hospital record and the recollections of Mr. Benson, as a non-interested party would be more reliable than the memories of interested witnesses expressed long after the event.
{¶ 33} To support Appellee's opinion as disputed by Appellant Nancy Johnson and her witnesses, we must determine whether such was a misrepresentation of her medical condition to determine if the written consent is invalid. This is necessary to overcome the statutory presumption.
{¶ 34} Also, Ware v. Richey (1983), 14 Ohio App.3d 3, states:
{¶ 35} "In order for patient to prevail on claim for lack of informed consent, patient must show: an unrevealed risk which should have been made known materialized; unrevealed risk was harmful to patient; and disclosure of the significant risks incidental to the treatment would have resulted in patient's decision against treatment."
{¶ 36} No medical support has been provided to establish that such opinion, if given, was in fact a misrepresentation or merely the medical opinion of Appellee or that harm resulted.
{¶ 37} While Appellants argue that Dr. Haldar rendered medical opinions as to the necessity of Appellee's operation, we find that he merely expressed an opinion that he would not have done the surgery but had not seen what Appellee saw. (Dep. P. 12-20, p. 13, p74).
{¶ 38} He also stated on page 81 that he understood the family wanted surgery locally as they did not want to travel.
{¶ 39} With the failure to overcome the consent to surgery with a supportive medical opinion as to the lack of necessity of the surgery or as to her condition on arrival at the hospital or as to harm resulting, we must reject the First Assignment.
 II.
{¶ 40} The second Assignment of Error questions the court's determination that a battery by Appellee as to performing surgery without a valid consent was not pled.
{¶ 41} We need not determine whether the complaint was adequate in this regard for two reasons, to-wit: Our ruling on the First Assignment indicates a failure to negate the written consent and secondly, the surgery took place on December 7, 1999, with the initial complaint being filed on July 18, 2001.
{¶ 42} R.C. 2305.111 states:
{¶ 43} "Except as provided in Section 2305.115 of the Revised Code, an action for assault or battery shall be brought within one year after the cause of the action accrues. For purposes of this section, a cause of action for assault or battery accrues upon the later of the following:
{¶ 44} "(A) The date on which the alleged assault or battery occurred."
{¶ 45} Also as stated in Feeney v. Eshack (1998), Ohio App. 9 Dist.,129 Ohio App.3d 489, dismissed, appeal not allowed, 84 Ohio St.3d 1447:
{¶ 46} "Assault and battery cannot, by clever pleading or use of another theory of law, be transformed into another type of action subject to a longer statute of limitations; therefore, where the essential character of an alleged tort is an intentional, offensive touching, the statute of limitations for assault and battery governs even if the touching is pled as an act of negligence. Feeney v. Eshack (1998),129 Ohio App.3d 489, 718 N.E.2d 462, dismissed, appeal not allowed84 Ohio St.3d 1447, 703 N.E.2d 326."
{¶ 47} Appellee, as an affirmative defense pled the statute of limitations.
{¶ 48} Therefore, if the medical consent had been determined to be invalid, which was not accomplished, the one-year statute of limitations was exceeded.
{¶ 49} The Second Assignment of Error is therefore overruled.
{¶ 50} This cause is affirmed at Appellant's costs.
Boggins, P.J. Gwin, J., concurs separately Hoffman, J., dissents.