## AREND v MYLANDER

Ohio Appeals, 6th Dist, Erie Co
No. 360. Decided May 11, 1931

H. L. Peeke, Sandusky, for Arend.

John F. McCrystal, Sandusky, for Mylander.

RICHARDS, J.

It does not appear from the amended petition that the defendant was at the time a physician, but this fact was developed on the trial of the case and a verdict was directed for the defendant, evidently on the ground that the one-year statute of limitations applied and that the cause of action was barred thereby. §11225, GC covers assault and battery and malpractice, as well as certain other actions, limiting the time within which an action may be brought to one year after the cause of action accrued. The plaintiff claims that the case is one to recover damages for bodily injury, and that by the provision sof §11224-1, GC, the action may be brought within two years after the cause of action arose. This court is of the opinion that §11224, §11224-1 and §11225, GC, must be construed together. Prior to the amendment of the former section, which became effective on August 2, 1927, that section included actions for personal injury resulting from negligence, the limitation of time within which an action could be brought being then fixed at four years. By the amendment, an action for bodily injury or injuring personal property could only be brought within two years from the time the cause thereof arose. Certainly assault and battery and malpractice result in bodily injury, but the time within which actions for that sort of bodily injury must be brought is specifically limited to one year.

The amendment known as §11224-1, GC, fixing a limitation of two years in which to sue for bodily injury, can apply only to such bodily injury as is not embraced within the one year limitation specifically fixed for assault and battery and malpractice. Clearly §11224-1, GC, was intended to apply to bodily injury resulting from negligence and not to assault and battery or malpractice. §11224 GC, provided and still provides a limitation of four years "for an injury to the rights of the plaintiff not arising on contract nor hereinafter enumerated." Assault and battery results in injury to the rights of a plaintiff and does not arise on contract, and yet it never has been held that such injuries come within the provisions of the section last cited. It is perfectly manifest that while the conduct of the defendant is averred to have caused

bodily injury to the plaintiff, the act charged was either assault and battery or malpractice, and hence within the limitation of one year, and this cause of action was therefore barred.

Judgment affirmed.

LLOYD and WILLIAMS, JJ, concur.