LOVE, APPELLEE, *v.* CITY OF PORT CLINTON ET AL.; HICKMAN, APPELLANT.

[Cite as Love *v.* Port Clinton (1988), 37 Ohio St. 3d 98.]

(No. 87-434—Submitted March 9, 1988—Decided June 8, 1988.)

*Stephen E. Cottrell,* for appellee.

*Ward, Marein & Gillette, Leo R. Ward* and *Jose M. Gonzalez,* for appellant.

H. BROWN, J. The issue is whether the action, as pled against Hickman, is barred by the statute of limitations for assault and battery claims. We find that it is.

When bodily injury results from negligence, the two-year statute of limitations, R.C. 2305.10, is the appropriate statute of limitations. However, when bodily injury results from an assault or battery, the one-year statute of limitations, R.C. 2305.111, is applicable.[2] *Dean* v. *Angelas* (1970), 24 Ohio

---

[2] The legislature passed R.C. 2305.111 after the date of Love's arrest, but before Love filed his complaint. At the time of Love's arrest, the statute of limitations governing assault and battery was also one year.

St. 2d 99, 53 O.O. 2d 282, 264 N.E. 2d 911.

The complaint at bar alleges that Hickman "negligently and recklessly subdued and handcuffed * * * [Love], using improper police procedures and methods," which resulted in personal injuries to Love. "In ruling on a motion to dismiss under Civ. R. 12(B)(6), the material allegations of the complaint are taken as admitted," *Phung* v. *Waste Management, Inc.* (1986), 23 Ohio St. 3d 100, 102, 23 OBR 260, 262, 491 N.E. 2d 1114, 1116, and, in order to grant the motion, "* * * it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recover," *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753, syllabus (following *Conley* v. *Gibson* [1957], 355 U.S. 41). Therefore, we accept the proposition that Hickman used improper police procedures to negligently subdue and handcuff Love and that such were a direct and proximate cause of Love's injuries. However, this does not resolve the statute of limitations question.

As we said in *Hambleton* v. *R.G. Barry Corp.* (1984), 12 Ohio St. 3d 179, 183, 12 OBR 246, 249, 465 N.E. 2d 1298, 1302:

"* * * [I]n determining which limitation period will apply, courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded. The grounds for bringing the action are the determinative factors, the form is immaterial."

Here, the specific acts of Officer Hickman — "subduing" and "handcuffing" — are acts of intentional contact which, unless privileged, constitute a battery.[3] A person is subject to liability for battery when he acts intending to cause a harmful or offensive contact, and when a harmful contact results. Restatement of the Law 2d, Torts (1965) 25, Section 13. Contact which is offensive to a reasonable sense of personal dignity is offensive contact. See Restatement of the Law 2d, Torts, *supra,* at 35, Section 19. The acts of "subduing" and "handcuffing" are undoubtedly offensive to a reasonable sense of personal dignity. The contact involved is plainly intentional; one cannot accidentally handcuff or subdue another.

In making the choice between two statutes of limitations applicable to the same conduct, it is settled law that: "A special statutory provision which relates to the specific subject matter involved in litigation is controlling over a general statutory provision which might otherwise be applicable." *Andrianos* v. *Community Traction Co.* (1951), 155 Ohio St. 47, 44 O.O. 72, 97 N.E. 2d 549, paragraph one of the syllabus. Where the essential character of an alleged tort is an intentional, offensive touching, the statute of limitations for assault and battery governs even if the touching is pled as an act of negligence. To hold otherwise would defeat the assault and battery statute of limitations. Nearly any assault and battery can be pled as a claim in negligence. We agree with the court in *Grimm* v. *White* (1980), 70 Ohio App.

---

[3] In effecting an arrest, a police officer usually commits acts which, unless privileged, constitute battery. Restatement of the Law 2d, Torts (1965) 193-194, Section 118, Comment *b* ("An arrest, whether with or without a warrant, usually involves conduct which, unless privileged, is an 'assault' or 'battery' * * *. If an arrest is made by a mere touching without confinement, as in the execution of a valid warrant, the touching is offensive and, unless privileged, is a 'battery' * * *.").

2d 201, 203, 24 O.O. 3d 257, 258, 435 N.E. 2d 1140, 1141-1142, which recognized that: "* * * [T]hrough clever pleading or by utilizing another theory of law, the assault and battery cannot be [transformed] into another type of action subject to a longer statute of limitations as it would circumvent the statute of limitations for assault and battery to allow that to be done." See, also, *Arend* v. *Mylander* (1931), 39 Ohio App. 277, 10 Ohio Law Abs. 492, 177 N.E. 377.

Love calls attention to the fact that he did not allege a use of excessive force by Hickman, but only that Hickman used improper police procedures. The distinction has no significance. Handcuffing is an intentional touching and it remains so whether the touching results from "excessive force" or the use of "improper police procedures." If proper procedures were not followed in subduing and handcuffing Love, an issue might arise as to whether those acts were privileged. But privilege is a defense. Its presence or absence does not define the underlying tort. Whether the procedure followed was proper or improper, the essential character of Hickman's contact with Love constituted an intentional touching. Therefore, we find that Love's complaint against Hickman alleges, in substance, an action in battery and is barred by the one-year statute of limitations.

Accordingly, we reverse the judgment of the court of appeals and reinstate the trial court's dismissal of the claims against defendant, Hickman.

*Judgment reversed.*

MOYER, C.J., LOCHER, HOLMES and WRIGHT, JJ., concur.

SWEENEY and DOUGLAS, JJ., dissent.