OPINION
This matter presents a timely appeal from a judgment rendered by the Columbiana County Common Pleas Court, granting the motion to dismiss filed by defendant-appellee, Mark Hoppel.
On May 18, 1999, plaintiff-appellant, Rhonda Hoppel, filed a complaint alleging that on or about April 30, 1998, appellee intentionally assaulted her causing physical injury and medical expenses. Appellant also alleged that the assault was intended to cause and, in fact, did cause her to suffer severe emotional distress.
On June 16, 1999, appellee filed a motion to dismiss appellant's complaint pursuant to Civ.R. 12(B)(6) and Civ.R. 12(C), contending that the action was barred by the applicable statute of limitations. The trial court granted appellee's motion by judgment entry filed July 12, 1999. This appeal followed.
Appellant sets forth two assignments of error on appeal.
Appellant's first assignment of error alleges:
 "The trial judge erred on the ground that the plaintiff-appellant failed to set forth a claim for intentional infliction of emotional distress."
Appellant argues that she established all of the elements required to recover damages under a claim for intentional infliction of emotional distress. Therefore, she maintains that her complaint should not have been dismissed for failure to state a compensable claim.
The trial court dismissed appellant's complaint pursuant to Civ.R. 12(B)(6) and Civ.R. 12(C). However, the trial court did not find that appellant's complaint failed to allege the necessary elements of the tort of intentional infliction of emotional distress. Rather, it explicitly found that appellant's complaint was subject to dismissal for failing to meet the applicable statutory limitation period. (Judgment Entry filed July 12, 1999, 2)
Appellant's first assignment of error is found to be without merit.
Appellant's second assignment of error alleges:
 "The trial judge erred in granting the defendant-appellee's motion to dismiss on the ground that the plaintiff-appellant's claims are subject to a one-year period of limitation and therefore barring the plaintiff-appellant's complaint."
Appellant notes that Ohio recognizes a cause of action for intentional infliction of emotional distress separate and apart from an accompanying tort. Yeager v. Local Union 20 (1983),6 Ohio St.3d 369, 374. Appellant maintains that her claim for intentional infliction of emotional distress was separate and distinct from her claim for assault. She points out that while the statute of limitations for assault is one year from the date on which the cause of action accrued pursuant to R.C. 2305.11.1, a claim for intentional infliction of emotional distress has a four-year statutory limitation period. R.C. 2305.09(D) Appellant argues that she stated a claim for intentional infliction of emotional distress, and it was filed within the four-year statutory limitation period. Therefore, she contends that her claim should have been heard by the trial court.
Even though appellant's claim for intentional infliction of emotional distress was set forth under a separate count in her complaint, the applicable statute of limitations for her entire claim is that which governs the underlying tort action. The essential character of the alleged tort determines the applicable statute of limitations. Love v. Port Clinton (1988), 37 Ohio St.3d 98,99. The Ohio Supreme Court, citing to Grimm v. White (1980), 70 Ohio App.2d 201, 203, stated:
 "`* * * [T]hrough clever pleading or by utilizing another theory of law, the assault and battery cannot be [transformed] into another type of action subject to a longer statute of limitations as it would circumvent the statute of limitations for assault and battery to allow that to be done.'" Love, supra
at 100.
In Doe v. First United Methodist Church (1994), 68 Ohio St.3d 531, a high school and church music director allegedly initiated numerous homosexual contacts with a student without his consent. In September 1989, well after the student's eighteenth birthday, he sought counseling and learned that the emotional problems he was experiencing were related to the sexual activity that had allegedly been forced upon him. On July 12, 1991, the student brought suit against the music director for battery, negligence and intentional infliction of emotional distress. The trial court dismissed his action because it had not been timely filed in accordance with the applicable statute of limitations.
The student appealed, however, the appellate court held that the appropriate statute of limitations for the student's claim against the music director was the one-year limitation found in R.C. 2305.11.1 for actions involving assault or battery. Therefore, the student's complaint was not timely filed.
The Ohio Supreme Court affirmed the decision reached by the appellate court. It held that to determine which of the two statutes of limitations applies, "* * * it is necessary to determine the true nature or subject matter of the acts giving rise to the complaint." Doe, supra at 536. Citing to Hambleton v.R.G. Barry Corp. (1984), 12 Ohio St.3d 179, 183, the Ohio Supreme Court further explained:
 "`* * * [I]n determining which limitation period will apply, courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded. The grounds for bringing the action are the determinative factors, the form is immaterial.'" Doe, supra at 536.
The Ohio Supreme Court found that the essential character of the student's claim against the music director entailed intentional acts of offensive contact; therefore, the one-year limitation period for assault or battery applied. The fact that the student pled negligence and intentional infliction of emotional distress did not mask or change the fundamental nature of his causes of action which were predicated upon acts of sexual battery. Doe, supra at 537.
In the case at bar, the trial court found that the essential character of appellant's claims against appellee involved the alleged offensive contact. (Judgment Entry filed July 12, 1999, 2). In the first count of her complaint, appellant alleged that appellee assaulted her, and in the second count, she alleged that the assault caused her to suffer severe emotional distress.
As the essential character of appellant's claims against appellee involved assault, and as the claim for intentional infliction of emotional distress arose from the assault, the one-year limitation period set forth in R.C. 2305.11.1 applied to appellant's entire complaint. Appellant filed her complaint more than one year after the date upon which her cause of action accrued. Therefore, appellant's action was barred by the applicable statute of limitations and the trial court properly granted appellee's motion to dismiss.
Appellant's second assignment of error is found to be without merit.
The judgment of the trial court is affirmed.
DONOFRIO, J., concurs, VUKOVICH, J., concurs.
 ______________________________ EDWARD A. COX, PRESIDING JUDGE