{¶ 43} Although I agree with the caselaw that is cited in the majority Opinion, I must dissent as to how that caselaw is applied and to the majority's final disposition of this appeal. The majority correctly cites to Love for the holding that the one-year statute of limitations for assault and battery, R.C. §2305.111, applies, rather than the two-year statute of limitations for bodily injury caused by negligence found in R.C. § 2305.10, when the essential nature of the tort is an intentional, offensive touching. Love v. City of Port Clinton
(1988), 37 Ohio St.3d 98, 99, 524 N.E.2d 166. There is no disagreement that, "[a] person is subject to liability for battery when he acts intending to cause a harmful or offensive contact, and when a harmful contact results." Id. The majority Opinion does not clarify what the word "intentional" signifies in relation to the intentional tort of battery. It is not necessary to intend the specific harm that resulted from the defendant's actions. It is sufficient to intend the offensive contact that causes the injury. Feeney v. Eshack (1998),129 Ohio App.3d 489, 493, 718 N.E.2d 462; see also, Estill v. Waltz, 10th Dist. No. 02AP-83, 2002-Ohio-5004. Despite Appellant's artfully worded pleading and even more artfully crafted affidavits, there is no disguising that the nature of this claim is an intentional battery rather than negligence resulting in bodily injury.
 {¶ 44} In all four scenarios presented by the majority opinion, it is clear that Bunch committed an intentional act that led to harmful or offensive contact towards Walker. The act is variously described as smashing the car door into Walker, grabbing Walker by the shoulder, grabbing Walker by the throat, or trying to grab photographs from Walker. It is this last scenario, presented in the affidavit of Appellant's girlfriend Christine Golubic, that seems to present the possibility of mere negligence, but this is a false impression. Even under Golubic's interpretation of the events, Walker intentionally approached Appellant and intentionally tried to grab the photos from him in such a forceful way that the car door crushed a number of Appellant's ribs. Assuming arguendo that the intentional offensive event was the act of grabbing the photos, the ultimate result is the same, namely, that the offensive contact was done in such a way as to break Appellant's ribs. It is not necessary that Appellee intended to break Appellant's ribs for this to be classified as battery. It is only necessary that Appellee committed some intentional act that resulted in a harmful or offensive touching.
 {¶ 45} It may be helpful to review the facts in Love sinceLove is the seminal Ohio Supreme Court case on this issue. Terry Love was arrested and handcuffed by Robert Hickman, a part-time police officer employed by the city of Port Clinton. Instead of filing a tort complaint for battery, Love alleged that he was negligently and recklessly subdued and handcuffed by Hickman, thus attempting to avoid the one-year statute of limitations for battery that had expired. The Supreme Court observed that:
 {¶ 46} "Love calls attention to the fact that he did not allege a use of excessive force by Hickman, but only that Hickman used improper police procedures. The distinction has no significance. Handcuffing is an intentional touching and it remains so whether the touching results from `excessive force' or the use of `improper police procedures.' If proper procedures were not followed in subduing and handcuffing Love, an issue might arise as to whether those acts were privileged. But privilege is a defense. Its presence or absence does not define the underlying tort. Whether the procedure followed was proper or improper, the essential character of Hickman's contact with Love constituted an intentional touching." Id. at 100.
 {¶ 47} Even if the "essential character" of Appellee's actions was to grab the photos from Appellant, he did it with such force that he broke Appellant's ribs. Golubic stated that Appellee's action caused the car door to "violently" slam into Appellant. Obtaining photos by violently slamming a car door into someone and breaking his ribs is not an accidental event. Appellee either directly slammed the door into Appellant breaking his ribs, or snatched the photos so violently that in the chain of events he broke Appellant's ribs. Either scenario describes an intentional tort.
 {¶ 48} We would have to construe the evidence in direct contradiction to the findings in Appellee's prior criminal conviction, and in contradiction to the evidence submitted byboth parties, in order to conclude that the facts allowed for the possibility of mere negligence rather than battery. The majority acknowledges that a party cannot created a controversy in summary judgment proceedings by submitting a contradictory affidavit, and the Ohio Supreme Court has recently issued a ruling that agrees with this Court's longstanding position: "An affidavit of a party opposing summary judgment that contradicts former deposition testimony of that party may not, without sufficient explanation, create a genuine issue of material fact to defeat the motion for summary judgment." Byrd v. Smith,110 Ohio St.3d 24, 2006-Ohio-3455, paragraph three of the syllabus. It appears that this is exactly what Appellant is attempting to do, i.e., create a controversy through Golubic's affidavit that directly contradicts Appellant's own deposition testimony. Appellant testified that Bunch rushed at him, smashed the car door into him, held him pinned inside the door for a few seconds until Appellant dropped the photos, and only then released the pressure on the door. Appellant acknowledged that Bunch was using the car door to keep him pinned until he dropped the photos. This evidence is clearly indicative of an intentional tort. According to Byrd, supra, Appellant cannot now rely on contradictory evidence that he submitted to create a controversy as to the intentional nature of the tort.
 {¶ 49} Obviously, the denial of the claim due to the expiration of a one-year statute of limitations is harsh, but we cannot distort the facts and the obviously intentional aspects of the claim simply to revive a claim that has clearly expired under the statute of limitations for assault and battery. Dismissal here is not meant as an exoneration of Appellee's conduct. Quite simply, dismissal is mandated because the claim should have been brought within one year as stated in the statute of limitations.
 {¶ 50} Based on clear and longstanding precedent in similar cases involving batteries that are pleaded as negligence cases, I would affirm the trial court's decision to grant summary judgment to Appellee due to the expiration of the one-year statute of limitations for assault and battery.