[Cite as *White v. Dept. of Rehab. & Corr.*, 2017-Ohio-9397.]

| | |
|---|---|
| CHRISTIAN WHITE | Case No. 2016-00452 |
| Plaintiff | Magistrate Gary Peterson |
| v. | <u>DECISION OF THE MAGISTRATE</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

{¶1} Plaintiff, an inmate in the custody and control of defendant, brought this action alleging that defendant's corrections officers used excessive force on him causing injury. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.[1]

{¶2} At trial, plaintiff testified that on the day of the incident, he was assigned to the B6 unit. According to plaintiff, he was at a table playing cards with other inmates when corrections officer Brooke Hassen approached the table. Plaintiff related that Hassen questioned the inmates at the table regarding who said a derogatory remark but that no one at the table had made any remark. Plaintiff testified that when Hassen returned 10 minutes later, the group of inmates "brushed her off" and questioned why she was bothering them. Plaintiff reported that Hassen subsequently left.

{¶3} Plaintiff testified that several hours later corrections officer Dan O'Flaherty escorted him to captain Lloyd Brownlee's office. According to plaintiff, after arriving at the captain's office, Brownlee asked Hassen whether plaintiff was the inmate who had "disrespected" her, but Hassen was "indecisive" and "unsure." Plaintiff testified that Brownlee subsequently ordered him to "get on the wall," which means to face the wall, place his hands above his head on the wall, and prepare to be handcuffed, whereupon

---

[1]Defendant's August 30, 2017 motion is DENIED as moot.

plaintiff asked why he was going to segregation even though he did not do anything wrong. Plaintiff acknowledged that Brownlee again ordered him to face the wall at which point he complied. Plaintiff reports that O'Flaherty grabbed his hands and cuffed him after which plaintiff turned his head around, looked over his shoulder, and complained that he was being sent to segregation despite Hassen being unable to identify plaintiff as the inmate who had disrespected her. Plaintiff testified that Brownlee thereafter jumped out of his chair and pushed his head back up against the wall.

{¶4} Plaintiff testified that he suffered a cut above his eye and that he was subsequently escorted to medical where he received treatment. Plaintiff added, however, that he continued to be upset and that he requested that the cameras in the area of where the event occurred be reviewed. Plaintiff further added that while he was in segregation, Brownlee told him that he would be a witness to the events and that he would say that Hassen was "indecisive" regarding the identification of the inmate who made the remark.

{¶5} Brooke Hassen testified that she has been a corrections officer at Grafton Correctional Institution for two years and that she held that same position on January 18, 2016, the date of the events giving rise to plaintiff's claim. Hassen testified that on that date she discovered that a group of inmates, including plaintiff, were at a table gambling and trading commissary. Hassen reported that she approached the table and asked the inmates what they were doing. According to Hassen, plaintiff told her to mind her own business and then added that she was mad because nobody was paying attention to her. Hassen reported that plaintiff also told her to "go back to your desk, bitch." Hassen stated that she thereafter went to Brownlee's office to review camera footage and verify plaintiff's identity.

{¶6} Hassen testified that O'Flaherty escorted plaintiff to Brownlee's office. According to Hassen, after plaintiff arrived, she told Brownlee that plaintiff had disrespected her. Hassen testified that Brownlee ordered plaintiff to prepare to be

handcuffed and that plaintiff, who did not immediately comply, was very upset. Hassen stated that plaintiff eventually complied, after several direct orders, and placed his hands on the wall above his head with his back toward the group. Hassen testified that plaintiff subsequently attempted to push himself off the wall and turn to face the group. Hassen asserted that Brownlee placed his hand on plaintiff's arm and pushed him back to the wall. Hassen reports that plaintiff thereafter complied with their orders. Hassen completed an incident report regarding the event.

{¶7} Dan O'Flaherty testified that he has been a corrections officer for four years. O'Flaherty stated that he was ordered by Brownlee to escort plaintiff to his office and that plaintiff seemed upset while he was being escorted. According to O'Flaherty, Brownlee attempted to hear plaintiff's side of the story regarding the incident described above, but plaintiff was argumentative. As a result, Brownlee determined that plaintiff needed to be placed in segregation, at which point, Brownlee gave plaintiff a direct order to get on the wall. O'Flaherty testified that after three direct orders, plaintiff complied. O'Flaherty asserted that while plaintiff was facing the wall and while he was attempting to place handcuffs on him, plaintiff attempted to push himself off the wall and spin around. O'Flaherty added that plaintiff was not handcuffed at that time and that he only controlled one hand. O'Flaherty testified that Brownlee assisted in controlling plaintiff by using reactive force and taking control of plaintiff's other hand; plaintiff was subsequently handcuffed. O'Flaherty stated that thereafter plaintiff was bleeding from the forehead and, as a result, escorted to medical. O'Flaherty completed both an incident report and a conduct report regarding the event.

{¶8} Lloyd Brownlee testified that he has worked as a correctional captain at Grafton Correctional Institution for the previous 20 years. Brownlee recalled that on January 18, 2016, he directed O'Flaherty to escort plaintiff to his office due to a derogatory comment plaintiff made to Hassen. Brownlee testified that when plaintiff arrived, he confronted plaintiff about calling Hassen a bitch. Brownlee reported that

plaintiff was not loud or violent but continued to argue. Brownlee testified that he ordered plaintiff to get on the wall. According to Brownlee, while O'Flaherty was applying the handcuffs, plaintiff attempted to push himself away from the wall. Brownlee testified that he got up out of his chair and pushed plaintiff back to the wall. Brownlee added that he noticed a cut above plaintiff's eye after the incident. Brownlee denied touching plaintiff's head and did not know how plaintiff cut his head.

{¶9} Corrections officer Bernard Johnson testified that he witnessed the exchange between plaintiff and Hassen that occurred on January 18, 2016. According to Johnson, plaintiff was playing cards when Hassen went to the table because she thought someone made a derogatory comment to her. Johnson asserted that plaintiff told her that nobody said anything to her. Johnson reported that Hassen left and thereafter returned and again inquired about the comment at which point plaintiff flung his identification across the table and said that she was simply mad because no one was paying attention to her. Johnson testified that plaintiff was escorted to Brownlee's office 10 minutes later.

{¶10} "To recover on a negligence claim, a plaintiff must prove by a preponderance of the evidence (1) that a defendant owed the plaintiff a duty, (2) that a defendant breached that duty, and (3) that the breach of the duty proximately caused a plaintiff's injury." *Ford v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 05AP-357, 2006-Ohio-2531, ¶ 10. "Ohio law imposes a duty of reasonable care upon the state to provide for its prisoners' health, care, and well-being." *Ensman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 06AP-592, 2006-Ohio-6788, ¶ 5.

{¶11} In addition to stating a claim for negligence, allegations of unnecessary or excessive force being used against an inmate may state a claim for battery. *Brown v. Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 13AP-804, 2014-Ohio-1810, ¶ 13. "To prove battery, the plaintiff must prove that the intentional contact by the defendant was harmful or offensive." *Miller v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No.

12AP-12, 2012-Ohio-3382, ¶ 11.   "A defendant may defeat a battery claim by establishing a privilege or justification defense."   *Brown* at ¶ 13, citing *Love v. Port Clinton*, 37 Ohio St.3d 98, 99 (1988).

{¶12} "The use of force is sometimes necessary to control inmates."   *Jodrey v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 12AP-477, 2013-Ohio-289, ¶ 17. "Correctional officers considering the use of force must evaluate the need to use force based on the circumstances as known and perceived at the time it is considered." *Brown* at ¶ 15, citing Ohio Adm.Code 5120-9-01(C).   "[T]he precise degree of force required to respond to a given situation requires an exercise of discretion by the corrections officer."   *Ensman* at ¶ 23.   "In Ohio Adm.Code 5120-9-01, the Ohio Administrative Code sets forth the circumstances under which correctional officers are authorized to use force against an inmate."   *Id.* at ¶ 6.

{¶13} Ohio Adm.Code 5120-9-01 provides, in pertinent part:

"(C) Guidelines regarding the use of force. * * *

"* * *

"(2) Less-than-deadly force.  There are six general circumstances in which a staff member may use force against an inmate or third person.  A staff member may use less-than-deadly force against an inmate in the following circumstances:

"(a) Self-defense from physical attack or threat of physical harm;

"(b) Defense of another from physical attack or threat of physical attack;

"(c) When necessary to control or subdue an inmate who refuses to obey prison rules, regulations or orders;

"(d) When necessary to stop an inmate from destroying property or engaging in a riot or other disturbance;

"(e) Prevention of an escape or apprehension of an escapee; or

"(f) Controlling or subduing an inmate in order to stop or prevent self-inflicted harm."

{¶14} "Pursuant to Ohio Adm.Code 5120-9-01(C)(1)(a), correctional officers 'may use force only to the extent deemed necessary to control the situation.' Additionally, correctional officers 'should attempt to use only the amount of force reasonably necessary under the circumstances to control the situation and shall attempt to minimize physical injury.' Ohio Adm.Code 5120-9-01(C)(1)(b)." *Brown* at ¶ 16. Also pertinent is Ohio Adm.Code 5120-9-01(B)(3), which defines "excessive force" as "an application of force which, either by the type of force employed, or the extent to which such force is employed, exceeds that force which reasonably appears to be necessary under all the circumstances surrounding the incident."

{¶15} Upon review of the evidence, the magistrate finds that plaintiff failed to prove his claim by a preponderance of the evidence. The magistrate finds that on January 18, 2016, plaintiff was escorted by O'Flaherty to Brownlee's office. Hassen was also present at the office. After plaintiff's arrival, Brownlee questioned plaintiff regarding an event that allegedly took place earlier that day between Hassen and plaintiff. At some point, Brownlee ordered plaintiff to face the wall with his hands above his head. There is no dispute that plaintiff at least initially failed to obey the direct order given by Brownlee. Indeed, plaintiff testified that he initially questioned Brownlee. Nevertheless, plaintiff thereafter complied with the order and raised his hands above his head with his back to the group as he prepared to be handcuffed.

{¶16} The magistrate further finds that as O'Flaherty was in the process of placing handcuffs on plaintiff, plaintiff turned his head looking over his shoulder back toward the group and verbally protested. At that point, Brownlee used reactionary force to subdue plaintiff to obtain his compliance by taking control of plaintiff's hand and pressing plaintiff against the wall. Plaintiff's head struck the wall causing a cut on his forehead. O'Flaherty remained in control of plaintiff's other hand. Plaintiff was handcuffed without further incident.

{¶17} The magistrate finds that the force used by Brownlee was reasonable under the circumstances.  As noted above, plaintiff initially failed to obey a direct order to face the wall with his hands above his head.  While he was being handcuffed, plaintiff turned his head, looked back over his shoulder, and protested his treatment.  The magistrate notes that O'Flaherty, Brownlee, and Hassen describe plaintiff as attempting to push away from or off the wall.  While the magistrate does not believe plaintiff intended to threaten Brownlee, O'Flaherty, and Hassen, Brownlee could have reasonably assumed, given that plaintiff turned his head and protested his treatment, that plaintiff may push away from the wall, pose a threat to those in the room, or otherwise resist handcuffs being placed on him.  Force is justified when necessary to control or subdue an inmate to obtain compliance with direct orders—in this case to place plaintiff's hands on the wall to be handcuffed.  The force used by Brownlee was reasonable, necessary, and minimal given the circumstances.  In short, Brownlee was justified to use force due to plaintiff's failure to comply with direct orders and plaintiff's failure to remain facing the wall.  Accordingly, judgment is recommended in favor of defendant.

{¶18} *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i).  If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed.  A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

GARY PETERSON
Magistrate

Case No. 2016-00452 -8- DECISION

cc:

Christian White, #A301-910
Grafton Correctional Institution
2500 South Avon-Belden Road
Grafton, Ohio 44044

Stacy L. Hannan
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

**Filed December 4, 2017**
**Sent to S.C. Reporter 1/5/18**