**Opinion filed June 9, 2022**



## In The

# Eleventh Court of Appeals

_____

## No. 11-20-00145-CV

_____

## JUSTIN SCHRADER, Appellant

## V.

## TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause No. CV36061**

### M E M O R A N D U M   O P I N I O N

Appellant, Justin Schrader, sued the Texas Department of Public Safety (DPS) for injuries sustained during his arrest. Appellant also sued Erath County and several individuals employed by Erath County. DPS moved to dismiss for lack of jurisdiction asserting that it was immune from suit under the Texas Tort Claims Act (TTCA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2019). The trial court granted the motion and entered an order of dismissal as to the claims against

DPS. Appellant brings this interlocutory appeal from the order of dismissal. *See* Civ. Prac. & Rem. § 51.014(a)(8) (West Supp. 2021) (conferring this court with interlocutory jurisdiction over an interlocutory order that "grants or denies a [governmental unit's] plea to the jurisdiction"). In two issues, Appellant asserts that the trial court erred in granting the motion to dismiss on jurisdictional grounds because (1) he pleaded the statutory elements required for a waiver of immunity from suit under the TTCA and (2) the TTCA's intentional tort exclusion does not apply to his claims because the acts that he alleged did not involve an intent to injure. We affirm.

*Background Facts*

Appellant filed his original petition alleging that DPS was responsible for injuries he sustained during his arrest. Appellant's petition generally alleges the following: Appellant was driving a welding truck late at night when he noticed police lights behind him. Appellant then looked for a safe place to pull over to let the police vehicle pass—not knowing that the DPS trooper intended to stop him. Trooper Jerry Hale initiated the stop and requested backup, alleging that Appellant was "racing and was evading arrest."

Appellant exited his vehicle and Trooper Hale placed Appellant in handcuffs—which Appellant alleged was a reckless and negligent act because there was no probable cause and no reason to restrain him. After Appellant was handcuffed, Trooper Hale performed a "leg sweep," which caused Appellant to fall to the ground and break his leg. Appellant alleged that Trooper "Hale did not intend to injure" him with the leg sweep and that his injuries were caused by the handcuffs because they prevented him from using his arms to break his fall. Appellant suffered "excruciating pain" and informed the officers that his leg was broken.

Appellant sued DPS for various state tort causes of action. DPS moved to dismiss for lack of jurisdiction asserting that it was immune from suit under the

TTCA.  *See* Civ. Prac. & Rem. § 101.021.  The trial court granted DPS's motion and entered an order of dismissal.  This appeal followed.

*Analysis*

In Appellant's first issue, he asserts that the trial court erred by granting DPS's motion to dismiss because he alleged facts in his pleadings to show a waiver of immunity under the TTCA.  In his second issue, Appellant contends that the intentional tort exclusion under the TTCA does not apply to acts that do not intend to cause injury.  DPS contends that it is immune from suit because it is a governmental unit under the TTCA, which expressly waives sovereign immunity in a limited set of circumstances that are not present in this case.  We initially address Appellant's second issue with respect to the intentional tort exclusion because we determine that it is dispositive.

"Sovereign immunity and its counterpart, governmental immunity, exist to protect the State and its political subdivisions from lawsuits and liability for money damages."  *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008).  Sovereign immunity encompasses both immunity from suit and immunity from liability.  *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006); *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006).  Immunity from suit deprives courts of subject-matter jurisdiction and completely bars actions against governmental entities unless the legislature expressly consents to suit.  *Reata Constr. Corp.*, 197 S.W. 3d at 374; *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003).  The TTCA provides a limited waiver of immunity that allows plaintiffs to bring suits against governmental units in only certain, narrowly defined circumstances.  *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001); *Ector Cty. v. Breedlove*, 168 S.W.3d 864, 865 (Tex. App.—Eastland 2004, no pet.).  The State retains sovereign immunity from suit to the extent that immunity

3

has not been abrogated by the legislature. *See Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002).

"A claim of immunity is properly raised by a plea to the jurisdiction," *Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 512 (Tex. 2019), and a motion to dismiss is the functional equivalent of a plea to the jurisdiction because both defeat a cause of action without reaching the merits. *Id.*; *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *Briggs v. Toyota Mfg. of Tex.*, 337 S.W.3d 275, 281 n.5 (Tex. App.—San Antonio 2010, no pet.). Whether a trial court has subject-matter jurisdiction over a case is a question of law that we review de novo. *McKenzie*, 578 S.W.3d at 512; *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

A plea to the jurisdiction can take two forms: (1) a challenge to the pleadings and allegations of jurisdictional facts or (2) an evidentiary challenge to the existence of jurisdictional facts. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012); *Miranda*, 133 S.W.3d at 226–27. In its motion to dismiss, DPS challenged the pleadings. A plaintiff suing the governmental unit has the burden of alleging facts that affirmatively demonstrate the trial court's subject-matter jurisdiction. *Miranda*, 133 S.W.3d at 226. In our review, we construe Appellant's pleadings liberally, take all factual allegations as true, and look to his intent. *See McKenzie*, 578 S.W.3d at 512; *Tex. Mun. League Intergovernmental Risk Pool v. City of Abilene*, 551 S.W.3d 337, 342–43 (Tex. App.—Eastland 2018, pet. dism'd).

Under the TTCA's immunity-waiver provision, a governmental unit can be held liable for certain injuries proximately caused by the "wrongful act or omission or the negligence of an employee acting within his scope of employment if" the injury is caused by "a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." CIV. PRAC. & REM. § 101.021. The Texas Supreme Court has

4

instructed that we interpret "use" according to its ordinary meaning—to put or bring the property into action or service. *See Tex. Dep't of Criminal Justice v. Rangel*, 595 S.W.3d 198, 206 (Tex. 2020); *McKenzie*, 578 S.W.3d at 513. For the injury to fall within the TTCA's waiver, the "government's use of the property 'must have actually caused the injury.'" *Rangel*, 595 S.W.3d at 206 (quoting *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 388–89 (Tex. 2016)). The use of property does not actually cause the plaintiff's injury "if it does no more than furnish the condition that makes the injury possible." *Dallas Cty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998).

Additionally, the TTCA's limited waiver does not apply to intentional torts such as assault or battery. CIV. PRAC. & REM. § 101.057(2); *see also City of Watauga v. Gordon*, 434 S.W.3d 586, 589–90 (Tex. 2014) (discussing the melding of the common-law assault and battery under the rubric of assault in the current version of the Penal Code). Thus, to sue a governmental unit under the TTCA, a plaintiff must allege a negligent or wrongful act, caused by the use of tangible personal or real property, that does not arise out of an intentional tort. *Gordon*, 434 S.W.3d at 589. When analyzing a claim under the TTCA, we look to the gravamen of the complaint—a plaintiff may not use artful pleading to expand the TTCA's limited waiver. *McKenzie*, 578 S.W.3d at 513. Thus, we must first determine whether Appellant's underlying claim is one of negligence or intentional tort.

Appellant asserts in his second issue that his complaint is "neither an intentional tort nor a battery." Instead, Appellant asserts that he is complaining of the negligent application of the handcuffs, which, after Trooper Hale performed a leg sweep, prevented him from breaking his fall, which then caused his injuries. As noted above, we look to the substance of the pleadings, not the characterization or form, to determine whether the legislature has waived sovereign immunity. Appellant alleged in his pleadings that Trooper Hale "restrained [Appellant] with

handcuffs . . . then proceeded to do a 'leg sweep' on [Appellant], which, because of the recklessness in first applying handcuffs, prevented [Appellant] from breaking his fall and resulted in a severely broken leg." Appellant further alleged that Trooper Hale's "use of the handcuff restraints was reckless conduct" or, in the alternative, negligent conduct because Trooper Hale had no reason to restrain Appellant.

Appellant contends that the primary distinction between an intentional tort and an injury caused by negligence is the specific intent to injure. Thus, under Appellant's theory, because Trooper Hale did not intend to injure Appellant, the injury was the result of negligence. Appellant cites *Durbin v. City of Winnsboro* for this proposition. 135 S.W.3d 317 (Tex. App.—Texarkana 2004, pet. denied). *Durbin* involved a wrongful death suit brought by the parents of the deceased after their son died in a motorcycle accident while being pursued by a city police officer. *Id.* at 318. The parents alleged that the officer was "negligent, careless, and reckless" when he "bumped" their son's motorcycle with his patrol car, causing a wreck and killing their son. *Id.* at 318, 320. The City of Winnsboro claimed immunity under the TTCA, and the trial court granted its plea to the jurisdiction. *Id.* at 318. The court of appeals reversed in part and adopted the reasoning of the Texas Supreme Court in *Reed Tool* to determine what constitutes an intentional tort under the TTCA. The court of appeals held that "the fundamental difference between a negligence cause of action and an intentional tort is not whether the defendant intended his or her acts, but whether the defendant intended the resulting injury." *Durbin*, 135 S.W.3d at 324 (citing *Reed Tool Co. v. Copelin*, 689 S.W.2d 404, 406 (Tex. 1985)).

However, the Texas Supreme Court has since rejected the application of *Reed Tool* in the context of the TTCA. In *City of Watauga v. Gordon*, much like the case before us, the plaintiff sued the city for injuries sustained during his arrest. 434 S.W.3d at 592. Specifically, the plaintiff alleged that his wrists were injured by an officer's negligent application of handcuffs. *Id.* The plaintiff asserted that his

6

underlying claim was for negligence and not battery because "the officers did not intend to injure him and he did not resist arrest." *Id.* at 590–91. The Texas Supreme Court rejected this argument and distinguished *Reed Tool*, a worker's compensation case about intentional and accidental injuries, from an immunity claim under the TTCA. *Id.* at 592 ("We agree with the City here that the distinction drawn in *Reed Tool* between intentional and accidental injuries is not particularly helpful in distinguishing a battery from negligence."). Instead, the court found that a "specific intent to injure is not an essential element of a battery." *Id.* Thus, the court held that the gravamen of the plaintiff's complaint was excessive force—a battery. *Id.* at 593.

We find that this case is analogous to *Gordon*. In *Gordon*, the plaintiff alleged that he suffered injuries during his arrest. The Texas Supreme Court was required to determine whether the plaintiff alleged a cause of action for negligence or battery—an intentional tort. *Id.* at 589–94. The court analyzed the history of the tort of battery, including the Penal Code's provision for assault and battery. *Id.* at 589–90 (citing TEX. PENAL CODE ANN. § 22.01(a) (West Supp. 2021)). The court additionally noted that the Second Restatement of Torts recognizes that one form of battery involves offensive bodily contact. *Id.* at 590 (citing RESTATEMENT (SECOND) OF TORTS §§ 13, 18 (1965)); *see Fisher v. Carrousel Motor Hotel, Inc.*, 424 S.W.2d 627 (Tex. 1967) (discussed in *Gordon*).

The court noted that a specific intent to injure is not an essential element of a battery and that an intentional physical injury is not required for a battery to occur. *Gordon*, 434 S.W.3d at 592 & n.6 (citing W. Keeton, D. Dobbs, R. Keeton, & D. Owen, PROSSER AND KEETON ON TORTS 36–37 (5th ed. 1984), for the following proposition: "The defendant may be liable although . . . honestly believing that the act would not injure the plaintiff."). It is enough if the defendant intends "bodily contact that is 'offensive.'" *Id.* at 593 (quoting 1 Dan B. Dobbs, Paul T. Hayden & Ellen M. Bublick, THE LAW OF TORTS §§ 33 at 81 (2d ed. 2012)). Thus, "[l]iability

7

in battery . . . extends to harmful bodily contacts even though only offensive contacts were intended." *Id.*

The court in *Gordon* concluded that the gravamen of the plaintiff's compliant was that the police officers used excessive force in effecting his arrest. *Id.* at 593. The court held that "when an arrest, lawful in its inception, escalates into excessive-force allegations, the claim is for battery alone." *Id.* "The actions of a police officer in making an arrest necessarily involve a battery, although the conduct may not be actionable because of privilege." *Id.* at 594 (citing *Love v. City of Clinton*, 524 N.E.2d 166, 167 n.3 (Ohio 1988)). "[A] police officer's mistaken or accidental use of more force than reasonably necessary to make an arrest still 'arises out of' the battery claim." *Id.* (quoting *City of San Antonio v. Dunn*, 796 S.W.2d 258, 261 (Tex. App.—San Antonio 1990, writ denied)).

As was the case in *Gordon*, here the gravamen of Appellant's complaint is a claim of excessive force by Trooper Hale in effecting Appellant's arrest. Although Appellant's pleadings alleged that Trooper Hale did not intend to injure him, his pleadings indicate that Trooper Hale did intend to cause physical contact through the application of excessive force. When an arrest "escalates into excessive-force allegations, the claim is for battery alone." *Id.* at 593.

The TTCA "waives governmental immunity for certain negligent conduct, but it does not waive immunity for claims arising out of intentional torts, such as battery." *Id.* at 594 (citing Civ. Prac. & Rem. § 101.057(2)). Because the gravamen of Appellant's complaint is that Trooper Hale used excessive force during his arrest, he does not state a claim for negligence as required by the TTCA. *See id.* at 593–94. We overrule Appellant's second issue on appeal.

Because the intentional tort exception of the TTCA applies, we hold that Appellant has failed to state a claim for which DPS's sovereign immunity is waived. Thus, the trial court did not err in granting DPS's motion to dismiss on jurisdictional

grounds. Accordingly, we do not reach Appellant's first issue because our resolution of his second issue is dispositive of this appeal. *See* TEX. R. APP. P. 47.1.

*This Court's Ruling*

We affirm the trial court's order dismissing Appellant's claims against DPS.


JOHN M. BAILEY

CHIEF JUSTICE


June 9, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.