[Cite as *Warren v. Ohio Dept. of Rehab. & Corr.*, 2023-Ohio-3258.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| DERRICK WARREN | Case No. 2023-00338AD |
| Plaintiff | Deputy Clerk Holly True Shaver |
| v. | <u>MEMORANDUM DECISION</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

{¶1}   This matter is before the court for administrative determination pursuant to R.C. 2743.10.  The deputy clerk determines that plaintiff's claim should be denied.

**Background.**

{¶2}   Derrick Warren ("plaintiff"), an inmate, is in the custody of defendant, Ohio Department of Rehabilitation and Correction ("ODRC").  Plaintiff is housed at the Lebanon Correctional Institution ("LeCI").  Plaintiff alleges that Corrections Officer Anderson, an ODRC employee, broke plaintiff's finger by smacking a dining tray out of plaintiff's hand, following a meal.  Plaintiff was examined by a registered nurse and no serious injuries were noted.

{¶3}   Plaintiff's allegations were the subject of an Ohio Admin. Code 5120-9-03 use of force investigation conducted by LeCI's inspector of institutional services.  Both plaintiff and Officer Anderson were interviewed, and the records from the nurse's examination were reviewed.  Most importantly, a videotape of the dining hall where the incident allegedly occurred was reviewed for all three meals on the day in question.  It did not show any altercation between plaintiff and Officer Anderson.  Although the videotape showed plaintiff, Officer Anderson does not appear.  The inspector concluded that no force was used against plaintiff.  LeCI's warden concurred in that conclusion, as did ODRC's chief inspector.

{¶4}    Plaintiff nonetheless filed this case.  A copy of the complaint was served on ODRC, and ODRC responded with an R.C. 2743.10(B) investigation report describing the use of force investigation just discussed.  A copy of ODRC's investigation report was served on plaintiff but he has not responded.

**Analysis.**

{¶5}    "Allegations of use of unnecessary or excessive force against an inmate may state claims for battery and/or negligence.  To prove a claim for battery, a plaintiff must demonstrate that the defendant acted intending to cause a harmful or offensive contact, and a harmful contact resulted." *Brown v. Dept. of Rehab. & Correction*, 10th Dist. Franklin No. 13AP-804, 2014-Ohio-1810, ¶ 13 (quoting *Love v. City of Port Clinton*, 37 Ohio St.3d 98,99, 524 N.E.2d 166 (1988); internal punctuation omitted).  "To prove actionable negligence, a plaintiff must show the existence of a duty, breach of that duty, and injury proximately caused by the breach." *Id.* at ¶ 14.  "To meet his burden * * * plaintiff need[s] to prove his claims by a preponderance of the evidence." *Haddix v. Ohio Dept. of Rehab. & Correction*, Ct. of Cl. No. 2019-00440JD, 2021-Ohio-1529, ¶ 5, Adopted March 25, 2021 (Sheeran, J.).  The "preponderance of the evidence is 'the greater weight of the evidence * * * [it] means evidence that is more probable, more persuasive, or of greater probative value.'" *Id.* (quoting *Brothers v. Morrone-O'Keefe Dev. Co., LLC*, 10th Dist. No. 06AP-713, 2007-Ohio-1942, ¶ 49).

{¶6}    Plaintiff has not met his burden.  As to battery, ODRC presented evidence that Officer Anderson did not act intending to cause a harmful or offensive contact—or even act at all—towards plaintiff.  As to negligence, ODRC's duty is set by Ohio Admin. Code 5120-9-01, and ODRC produced evidence rebutting a violation of that duty.  Plaintiff was given copies of ODRC's evidence and an opportunity to respond to it but submitted nothing.  Although plaintiff's complaint submitted under penalty of perjury is some evidence, the deputy clerk finds that ODRC's evidence is more persuasive and of greater probative value.  Judgment is therefore entered for ODRC.

{¶7}    On another matter, on May 31, 2023, plaintiff filed a request for appointment of counsel.  "'[A]n indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty.'" *Perotti v. Ohio Dept. of Rehab. & Corr.*, 61 Ohio App.3d 86, 91 (10th Dist. 1989), quoting *Lassiter v. Department of Social Servs.*,

452 U.S. 18, 26-27, 101 S. Ct. 2153, 68 L. Ed. 2d 640 (1981).  Plaintiff is not at risk of losing his physical liberty as a result of any determination that may be made by the court. Accordingly, plaintiff's request for the appointment of counsel is DENIED.

| | |
|---|---|
| DERRICK WARREN | Case No. 2023-00338AD |
| Plaintiff | Deputy Clerk Holly True Shaver |
| v. | ENTRY OF ADMINISTRATIVE DETERMINATION |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

{¶8}    Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.


HOLLY TRUE SHAVER
Deputy Clerk


Filed 7/25/23
Sent to S.C. Reporter 9/14/23