[Cite as *Angler v. Muskingum Cty.*, 2026-Ohio-2058.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
MUSKINGUM COUNTY, OHIO

| | |
|---|---|
| ROBERT L. ANGLER, | Case No. CT2025-0089 |
| Plaintiff - Appellant | Opinion And Judgment Entry |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CH2022-0281 |
| MUSKINGUM COUNTY, et al., | Judgment: Affirmed |
| Defendants - Appellees | Date of Judgment Entry: June 1, 2026 |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; David M. Gormley, Judges

**APPEARANCES:** LEWIS A. ZIPKIN, KEVIN M. GROSS, for Plaintiff-Appellant; ANDREW N. YOSOWITZ, SARAH A. LODGE, for Defendants-Appellees.

*Baldwin, P.J.*

{¶1} The appellant, Robert L. Angler, appeals the August 1, 2025, judgment entry of the Muskingum County Court of Common Pleas granting summary judgment in favor of the appellees, Dustin Prouty and Jeremy Archer, and dismissing the remaining claims as untimely. The appellees are Dustin Prouty, Jeremy Archer, and Muskingum County.

**STATEMENT OF FACTS AND THE CASE**

{¶2} On October 11, 2022, the appellant filed a complaint in the Muskingum County Court of Common Pleas arising from the appellant's apprehension by law enforcement.

{¶3} On January 9, 2023, the appellant filed a First Amended Complaint naming the Muskingum County Board of Commissioners, Deputy Dustin Prouty, Deputy Jeremy

Archer, and two unknown officers as defendants. The appellant asserted twelve claims. Counts Eight and Nine, the claims pertinent to this appeal, were asserted against Archer and Prouty, respectively. Those counts alleged that each deputy had an affirmative duty to intervene and stop, prevent, or otherwise mitigate the use of excessive, unreasonable, and unnecessary force against the appellant via K-9 Jango. The appellant further alleged that Jango's uninterrupted attack lasted longer than was necessary or reasonable to seize the appellant and that the deputies acted recklessly, willfully, wantonly, maliciously, and in bad faith.

{¶4} According to the filings, law enforcement officers were attempting to locate and apprehend the appellant after he fled from authorities. Deputy Prouty, with his K-9 Jango, responded along with Deputy Archer.

{¶5} Deputy Prouty and another deputy warned that a K-9 would be released if the appellant did not stop. The appellant did not stop. Deputy Prouty released Jango, who bit the appellant's left arm. The appellant alleged that the deputies should have called Jango off sooner.

{¶6} The appellees moved for judgment on the pleadings. They argued, in part, that Counts Eight and Nine were claims for battery and were barred by the one-year statute of limitations contained in R.C. 2305.111(B). The trial court denied that portion of the appellees' motion, finding at the pleadings stage that the appellant could possibly prove facts in support of a claim premised upon a duty owed to a person in custody.

{¶7} After the parties conducted discovery, the appellees moved for summary judgment. Again, they argued that the essential character of the appellant's remaining claims sounded in assault or battery because the claims were predicated upon the alleged use or continuation of excessive force during the appellant's arrest.

**{¶8}** The appellant opposed summary judgment. He maintained that Counts Eight and Nine were custodial negligence claims governed by the two-year statute of limitations in R.C. 2305.10, not the one-year limitations period applicable to assault and battery. The appellant further argued that the deputies had a duty to protect him once Jango had subdued him, and that their failure to timely command Jango to release was negligent conduct separate from the initial release of the dog.

**{¶9}** On August 1, 2025, the trial court granted the appellees' motion for summary judgment, finding that Counts Eight and Nine were governed by the one-year statute of limitations set forth in R.C. 2305.111(B). As the incident occurred on November 24, 2020, and the appellant did not file his complaint until October 11, 2022, the trial court found the claims untimely and dismissed the case.

**{¶10}** The appellant filed a timely notice of appeal and raised the following assignment of error:

**{¶11}** "I. BECAUSE PROUTY AND ARCHER FAILED TO EXERCISE REASONABLE CARE BY TIMELY OUTING JANGO TO PROTECT ANGLER FROM HARM, COUNTS EIGHT AND NINE ARE CUSTODIAL NEGLIGENCE CLAIMS GOVERNED BY A TWO-YEAR STATUTE OF LIMITATIONS."

## I.

**{¶12}** In his sole assignment of error, the appellant argues that the trial court erred in finding Counts Eight and Nine barred by the one-year statute of limitations applicable to assault and battery. The appellant contends the claims are properly characterized as custodial negligence claims because they are based upon the appellees'

failure to timely remove or "out" Jango after the appellant had been subdued. We disagree.

## STANDARD OF REVIEW

{¶13} We review a trial court's decision granting summary judgment de novo. *Grafton v. Ohio Edison Co.*, 1996-Ohio-336. Summary judgment is appropriate when the moving party demonstrates: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the non-moving party, who is entitled to have the evidence construed most strongly in that party's favor. *Id.*; Civ.R. 56(C).

{¶14} The determination of which statute of limitations applies to a claim is a question of law, which we also review de novo. *Timbuk Farms, Inc. v. Hortica Ins. & Emple. Benefits*, 2021-Ohio-4141, ¶50 (5th Dist.).

## ANALYSIS

{¶15} R.C. 2305.111(B) provides that an action for assault or battery shall be brought within one year after the cause of action accrues. R.C. 2305.10 generally provides a two-year statute of limitations for bodily injury claims. The issue in this appeal is whether the appellant's remaining claims against the appellees, although framed as custodial negligence claims on appeal, are governed by the one-year statute of limitations period for assault and battery.

{¶16} The Supreme Court of Ohio addressed this issue in *Love v. Port Clinton*, 37 Ohio St.3d 98 (1988). In *Love*, the Court held that the essential character of an alleged tort determines the applicable statute of limitations. The Court explained that where the essential character of the alleged tort is an intentional, offensive touching, the statute of

limitations for assault and battery applies even when the plaintiff pleads the touching as negligence. *Id*. at 99.

{¶17} Here, the appellant's First Amended Complaint repeatedly describes the conduct at issue as the use of excessive, unreasonable, and unnecessary force. Count Eight alleges Deputy Archer had an affirmative duty to "intervene and stop, prevent, or otherwise mitigate the use of excessive, unreasonable, and unnecessary force against Angler via Jango." Count Nine contains substantially the same allegation against Prouty. The appellant further alleges that Jango's uninterrupted attack lasted for over thirty seconds, was longer than necessary or reasonable to seize him, and lacked a legitimate goal or justification. The injury alleged is the physical injury caused by Jango's bite and the continuation of that bite.

{¶18} The appellant attempts to distinguish the initial release of Jango from the deputies' alleged failure to timely command Jango to release. According to the appellant, once he was subdued, the appellees owed him a custodial duty of reasonable care, and the failure to "out" Jango was therefore negligence. We are not persuaded that this distinction changes the essential character of the claims.

{¶19} The alleged failure to stop the dog bite cannot be separated from the force about which the appellant complains. The appellant's theory is that the appellees permitted Jango to continue applying force after the point at which that force was no longer reasonable. That is, the appellant alleges the appellees used or allowed excessive force during the course of the seizure and arrest. The fact that the alleged excessive force may have continued after the appellant was on the ground does not convert the claim into one for ordinary negligence. The substance of the claim remains that the appellant was

subjected to an allegedly unlawful offensive touching through the continued application of force by the law-enforcement K-9.

{¶20} The appellant also points to deposition testimony and video evidence regarding the duration of the bite, the presence of other officers, and the availability of verbal commands to release Jango. Those facts may bear upon whether the force used was reasonable or excessive. They do not alter the nature of the cause of action. The claim remains predicated upon the alleged continuation of physical force against the appellant through Jango's bite. Thus, even construing the evidence in the appellant's favor, the legal character of the claims is assault or battery for purposes of the statute of limitations.

{¶21} We also reject the appellant's argument that the trial court was bound by its prior denial of the appellees' motion for judgment on the pleadings. A trial court's ruling at the pleadings stage, based upon the possibility that a plaintiff may prove a set of facts, does not preclude the court from later reconsidering the issue on a developed record at summary judgment. The August 1, 2025, judgment entry reflects the trial court's determination, after discovery and upon summary judgment, that the essential character of the remaining claims was battery. That determination was a legal question properly before the court.

{¶22} The undisputed dates establish that the incident occurred on November 24, 2020, and that the appellant filed his original complaint on October 11, 2022. Because the appellant's remaining claims against Prouty and Archer are governed by the one-year statute of limitations in R.C. 2305.111(B), the claims were not timely filed. The trial court did not err in granting summary judgment to the appellees on that basis.

{¶23} Accordingly, the appellant's sole assignment of error is overruled.

**CONCLUSION**

{¶24} Based upon the foregoing, the judgment of the Muskingum County Court of Common Pleas is affirmed.

{¶25} Costs to the appellant.

By: Baldwin, P.J.

Montgomery, J. and

Gormley, J. concur.