SCHWEDER, APPELLANT, v. BARATKO ET AL., APPELLEES.

(No. 24080—Decided June 20, 1957.)

*Mr. Paul Mancino,* for appellant.

*Mr. Samuel Sonenfield* and *Messrs. Pennell, Carlson & Rees,* for appellees.

Skeel, P. J. This appeal comes to this court on questions of law from a judgment entered for the defendant on the verdict of a jury returned after trial in the Common Pleas Court of Cuyahoga County. The action was one seeking damages for assault and battery alleged to have been committed upon the person of the plaintiff by the defendants.

The record shows that on the night of September 27, 1952, the plaintiff was arrested and taken into custody by the defendants, police officers of the village of Strongsville, on a charge of careless driving. It is the claim of the plaintiff that, in taking him into custody, the defendants unlawfully committed assault and battery upon his person.

The plaintiff claims the following assignments of error:

1. The court erred in refusing to give special instructions on behalf of the plaintiff as requested by the plaintiff.

2. The court erred in giving special instructions requested by the defendants.

3. The court erred in permitting and admitting testimony as to the conviction of the plaintiff in the Cleveland Municipal Court upon the charge of reckless driving.

4. The court erred in permitting testimony of similar arrests and the reputation of the plaintiff.

5. That the verdict and judgment are contrary to law.

The plaintiff's petition alleges that the defendants "wilfully, maliciously and violently beat and struck and committed assault and battery upon the plaintiff." No mention is made by the plaintiff in his petition of the fact that the defendants were police officers then claiming to act in the performance of their duties and at the time and place of the alleged assault and battery were attempting to arrest the plaintiff to charge him with careless driving, a misdemeanor claimed to have been committed in the presence of the officers. The answers of the defendants, after pleading a general denial, allege the facts as above set forth, describing in detail the efforts expended in pursuing plaintiff as he was driving his automobile at speeds alleged to have been in excess of 70 miles an hour and his apparent attempt to elude arrest. The answers further allege that after the defendants finally stopped plaintiff in his flight they identified themselves as police officers and directed the plaintiff

to submit to arrest, but, because of his belligerent attitude, some force was required to arrest him. Defendants allege that no more force than was reasonably necessary was used under the circumstances.

In defendants' third defense, they allege that the plaintiff assaulted them with great violence and that they defended themselves with such force as was necessary under the circumstances. The plaintiff's reply is a denial of all the allegations of the defendants' separate answers except so far as such allegations are admissions of the allegations contained in plaintiff's petition.

The appellant has not afforded the court a complete bill of exceptions. Much of the evidence has been omitted so that some of the errors complained of cannot be fully considered.

The claim of error as to the admission of evidence offered by the defendants to establish that upon trial on the charge lodged against him for careless driving the plaintiff was found guilty is not well taken. The defendants justify the presentation of this evidence on three grounds: "1st to test his [the plaintiff's] credibility, 2nd, as a part of the *res gestae* of the case and 3rd, as confirmatory evidence of the necessity of the action taken by appellees in effecting the restraint of appellant."

The defendants' supplemental brief, filed to show that the provisions of Section 1.16 of the Revised Code have no application here, completely refutes their claim that the evidence of plaintiff's conviction for careless driving should be considered as part of the *res gestae*. Such claim is without merit and will not be further considered. We are also unable to find any suggestion that a conviction for careless driving has anything to do with challenging plaintiff's credibility on the basis of moral turpitude. But it is argued by the defendants that plaintiff's denial of being engaged in or attempting to escape from the commission of an unlawful act committed in the presence of the officers and plaintiff's denial that he was then being subjected to lawful arrest permitted introduction of evidence of his conviction of the crime for which he was arrested and is admissible as affecting and supporting the action of the defendants in making the arrest, and because it refutes the claim of the

plaintiff that he was conducting himself in a lawful manner before and at the time he claims to have been the victim of assault and battery at the hands of the defendants.

For this contention there is some support in the cases. It must be kept in mind, however, that a judgment in a collateral case is generally without effect except as to the parties thereto and those in privity with them. But where the question has to do with probable cause as the basis of or for causing an arrest or instituting an action against another, a judgment in the principal case is evidence (in some cases held conclusive) that there was probable cause for causing the arrest or the filing of the action. The rule is set forth in 23 Ohio Jurisprudence (2d), 413, Section 10, as follows:

"If an arrest is made by a peace officer in pursuance of the authority vested by statute to arrest under certain circumstances without process, and the person arrested is tried and convicted of the offense for which the arrest is made, the officer is fully protected from a civil action by the party arrested. Such conviction is conclusive of the right of the officer in making the arrest to the same extent as if the arrest had been made under a warrant. * * *"

In 2 Freeman on Judgments (5th Ed.), in considering this question, beginning with Section 653, at page 1376, the author states the general rule that a judgment in a criminal case, either of conviction or acquittal, is not "conclusive of the facts on which it is based in any civil action, nor, ordinarily, is it even evidence of such facts." Exceptions to the rule are noted in Section 655, at page 1380. For example, where an action which is one for malicious prosecution is defended on the basis that the defendant acted upon probable cause, a conviction of the plaintiff or a judgment against him in the case upon which the action is founded is always admissible in evidence to show probable cause, and most courts hold that such conviction is conclusive on that issue. It must follow that where an action for assault and battery is defended on the basis that the defendants were police officers then attempting to arrest the plaintiff upon lawful authority, the conviction of the plaintiff in the action for which he was arrested and for which conduct the plaintiff now seeks damages for assault and battery must be conclusive in

demonstrating that the defendants were acting upon public authority in making the arrest, leaving in issue only the question whether excessive force was used under the circumstances.

One who has the power to make an arrest in a misdemeanor case has the lawful right to use force in making the arrest, but he must act with due discretion and use only such force as seems reasonably necessary under the surrounding circumstances in taking the person arrested into custody. Force when used lawfully in making an arrest is in the exercise of a government function, and only in cases where excessive force is used, that is, force going clearly beyond that which is reasonably necessary to make the arrest, can such force be claimed an assault and battery by the person arrested. Courts do not measure nicely or with exactitude the quantum of force used by a police officer in making an arrest while acting within the performance of his duties. Here the question of whether a lawful arrest was in progress at the time plaintiff claims he was subjected to an assault and battery at the hands of the defendants was put in issue by the plaintiff, and under the undisputed facts it had been conclusively determined that such arrest was lawfully made, as evidenced by his conviction of the charge upon which he was arrested. There remains, therefore, in this case only the issue of the claimed use of excess force by the defendants in making the arrest. The claimed error in admitting evidence of plaintiff's conviction of careless driving is, therefore, overruled.

The plaintiff also complains that the court committed error in refusing his requested instructions before argument, numbers three and four, the former dealing with a definition of assault and battery and the elements to be established before one claiming damage by reason thereof is entitled to a judgment, and the latter dealing with the question of the amount of force that an arresting officer may use when making an arrest. As to the first of these requests, its refusal was proper for the reason that it was not applicable under the facts of this case. It having been conclusively established for the reasons as above stated that a lawful arrest of plaintiff was made, the only remaining issue of fact had to do with the question of whether

or not excessive force was used in making the arrest. Request No. 3 was properly refused.

We also conclude that request No. 4 was not sufficiently complete to require the court to read it to the jury as required under the provisions of Section 2315.01 (E) of the Revised Code. The charge requested does not define the rights or duties of an officer when making an arrest. Officers, in making an arrest, are acting in furtherance of a public duty to protect society as a whole against acts inherently destructive and dangerous to its peace and security. It is not enough, therefore, in charging the jury in a case where the plaintiff claims to have been the victim of assault and battery at the hands of officers in making a lawful arrest to say only that the officers must act reasonably, without defining the extent of their (the officers) duty and the extent to which they are required to act to apprehend violators of the law. The plaintiff's own wrong which is the predicate to his apprehension and his conduct in submitting to or resisting arrest must be considered. The court did not err in refusing request No. 4.

The errors claimed because of the giving of defendants' requests for instruction before argument are not well taken. An examination of these charges discloses that they each correctly state rules of law founded upon the issues of fact presented by the pleadings and evidence in the case. Here again the obligations of an arresting officer to use all force within reason in carrying out his duties to arrest law violators were correctly stated.

The testimony admitted with regard to other arrests of the plaintiff under the circumstances was clearly admissible because of plaintiff's testimony denying ever having been involved in other conflicts with police officers. This claim of error is, therefore, overruled.

Should it have been concluded that some of plaintiff's claims of error were in fact sustained by the partial record here presented on this appeal, we would even then have sustained the judgment. There can be no doubt that substantial justice has been done the plaintiff, and under the provisions of Section

2309.59 of the Revised Code, a reviewing court is required to sustain a judgment under such circumstances.

For the foregoing reasons, the judgment is affirmed.

*Judgment affirmed.*

HURD and KOVACHY, JJ., concur.