[Cite as *Brown v. State Hwy. Patrol*, 2018-Ohio-4511.]

| | |
|---|---|
| SHANE DALE BROWN | Case No. 2017-00721JD |
| Plaintiff | Judge Patrick M. McGrath<br>Magistrate Gary Peterson |
| v. | |
| OHIO STATE HIGHWAY PATROL | <u>ENTRY GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT</u> |
| Defendant | |

{¶1} On August 6, 2018, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff did not file a response. The motion is now before the court for a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." *See also Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

{¶4} According to the complaint, on August 28, 2015, Ohio State Highway Patrol Trooper Eric D. Holbrook initiated a traffic stop of a vehicle driven by plaintiff. Plaintiff alleges that during the stop, Holbrook used "excessive force" while making an arrest; plaintiff describes the force used as "cruel and unusual punishment." At some point

during the arrest, a Taser was deployed resulting in the prongs of the Taser requiring removal from plaintiff by first responders. Plaintiff was eventually transported to a medical facility for treatment of "multiple injuries." Plaintiff states that he was charged with resisting arrest and obstructing official business; plaintiff alleges that both charges were dismissed for lack of evidence. The court previously dismissed any allegations of cruel and unusual punishment but allowed plaintiff to proceed regarding allegations of excessive or unnecessary use of force. Defendant now moves for summary judgment on plaintiff's remaining claim concerning alleged unnecessary use of force.

{¶5} "[T]he tort of assault is defined as the willful threat or attempt to harm or touch another offensively, which threat or attempt reasonably places the other in fear of such contact." *Smith v. John Deere Co.*, 83 Ohio App.3d 398, 406 (10th Dist.1993). "A person is subject to liability for battery when he acts intending to cause a harmful or offensive contact, and when a harmful contact results." *Love v. Port Clinton*, 37 Ohio St.3d 98, 99 (1988).

{¶6} "Officers are privileged to commit battery when making a lawful arrest, but the privilege is negated by the use of excessive force." *Alley v. Bettencourt*, 134 Ohio App.3d 303, 313 (4th Dist.1999).

{¶7} "The use of force against another for the purpose of effecting the arrest or recapture of the other, or of maintaining the actor's custody of him, is not privileged if the means employed are in excess of those which the actor reasonably believes to be necessary." Restatement of the Law 2d, Torts 236, Section 132 (1965). "[I]f the actor is making or attempting to make an arrest for a criminal offense he is acting for the protection of the public interest and is permitted even a greater latitude of discretion than when he acts in self-defense, and he is not liable unless the means which he uses are clearly excessive." *Id.*, at 236, Section 132, comment a (1965).

{¶8} "Ohio courts also recognized that a police officer is justified at common law to use reasonable force in the course and scope of his law enforcement duties." *State*

*v. White*, 142 Ohio St.3d 277, 2015-Ohio-492, ¶ 17. "A peace officer duly empowered is not liable for injuries inflicted by him in the use of reasonably necessary force to preserve the peace and maintain order, or to overcome resistance to his authority." *Id.* quoting *State v. Sells*, 30 Ohio Law Abs. 355, 357-358, 1939 WL 3272 (2d Dist.1939).

{¶9} Therefore, "only in cases where excessive force is used, that is, force going clearly beyond that which is reasonably necessary to make an arrest, can such force be claimed an assault and battery by the person arrested." *Schweder v. Baratko*, 103 Ohio App. 399, 403 (8th Dist.1957). "The reasonableness of force is measured by the facts and circumstances of each particular case, including the severity of the crime, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Alley*, *supra*, citing *Graham v. Connor*, 490 U.S. 386, 396 (1989).

{¶10} Defendant argues in its motion for summary judgment that the force used by Trooper Eric Holbrook was reasonable and necessary under the circumstances. In support of its motion, defendant submitted Holbrook's affidavit along with several exhibits attached thereto.

{¶11} Holbrook avers in his affidavit that on August 28, 2015, he observed a vehicle travel left of center, and, as a result, he activated his emergency lights and initiated a traffic stop. Holbrook provides that he approached the vehicle, where he identified the driver as Shane Brown. Holbrook further avers that he recalled at the time that he had previously stopped a vehicle driven by Shane Brown, who then fled on foot during the traffic stop, and therefore, Holbrook called for backup to assist in the traffic stop on August 28, 2015. After speaking with Brown, Holbrook noticed that Brown had an odor of alcohol, glassy bloodshot eyes, and slurred speech. Holbrook provides that Brown admitted to consuming alcohol.

{¶12} Holbrook instructed Brown to perform a sobriety check, which he performed poorly. Holbrook states that he then told Brown to turn around and face the

patrol car, but Brown ran away from the patrol vehicle. Holbrook explains that because Brown was fleeing, Mace would not have been effective in halting Brown, and as a result, he was forced to deploy his Taser to prevent danger to Brown or others due to his impaired state. Holbrook states that he pursued Brown, yelled "Taser, Taser, Taser," as he is trained, and then deployed his Taser, hitting Brown in the back. Holbrook reports that Brown immediately seized and fell face first onto the pavement.

{¶13} Holbrook avers that as he was attempting to move Brown to administer first aid, a passenger from Brown's vehicle got out of the vehicle and was yelling profanities at him. Holbrook states that he pointed his gun at the passenger and ordered him to stay where he was. Trooper Ehrenborg subsequently arrived to assist with Brown, who had sustained injuries to his face and was bleeding. EMS was called to the scene to assist with Brown's injuries and to remove the Taser probes from Brown's back.

{¶14} Holbrook states that Sergeant Munyon arrived to provide assistance and document Brown's injuries. Munyon and Holbrook then transported Brown to the Franklin County Jail where they learned that Brown needed to be cleared by a doctor prior to being admitted to the jail. Therefore, Brown was admitted to Grant Hospital. Brown was subsequently charged with OVI, resisting arrest, obstruction, and other traffic violations.

{¶15} As stated previously, plaintiff did not respond to defendant's motion for summary judgment. Civ.R. 56(E) provides: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶16} As a result of the uncontroverted affidavit testimony put forth by defendant, it can only be concluded that the force used by Holbrook was reasonable and necessary

under the circumstances.  Holbrook was aware of plaintiff's previous history of fleeing from officers.  Holbrook also was aware that plaintiff was a danger to himself or others due to his impaired state from the consumption of alcohol.  Furthermore, it is undisputed that plaintiff fled from Holbrook during the traffic stop.  Holbrook warned plaintiff that he was going to deploy his Taser and deployed his Taser to stop plaintiff from evading by flight.  Plaintiff thereafter received medical attention for injuries sustained.  Accordingly, the force used was reasonable and necessary under the circumstances.

{¶17} Based upon the foregoing, the court concludes that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law.  As a result, defendant's motion for summary judgment is GRANTED and judgment is hereby rendered in favor of defendant.  All previously scheduled events are VACATED.  Court costs are assessed against plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed October 3, 2018**
**Sent to S.C. Reporter 11/8/18**