[Cite as *Pankey v. Ohio State Hwy. Patrol*, 2020-Ohio-2871.]

| | |
|---|---|
| MAURICE PANKEY | Case No. 2019-00068JD |
| Plaintiff | Judge Patrick M. McGrath<br>Magistrate Scott Sheets |
| v. | |
| OHIO STATE HIGHWAY PATROL | <u>ENTRY GRANTING DEFENDANT'S</u><br><u>MOTION FOR SUMMARY JUDGMENT</u> |
| Defendant | |

{¶1} On January 29, 2020, defendant filed a motion for summary judgment pursuant to Civ.R. 56. The motion for summary judgment is now before the court for a non-oral hearing pursuant to L.C.C.R. 4. For the reasons stated below, the court hereby grants defendant's motion for summary judgment.

**Standard of Review**

{¶2} Civ.R. 56(C) states, in part, as follows:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

*See also Dresher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).  In *Dresher,* the Ohio Supreme Court held, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim."  *Id.* at 292.  A "movant must be able to point to evidentiary materials of the type listed in 56(C)."  *Id.*

{¶3} When the moving party has satisfied its initial burden, Civ.R. 56(E) imposes a reciprocal burden on the nonmoving party.  It states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.  Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit.  The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits.  *When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of his pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.*  (emphasis added).

In seeking and opposing summary judgment, parties must rely on admissible evidence. *Keaton v. Gordon Biersch Brewery Rest. Group*, 10th Dist. Franklin No. 05AP-110, 2006-Ohio-2438, ¶18.

{¶4} As required, the following facts are stated in a light most favorable to plaintiff.  According to the complaint, plaintiff was forcefully removed from his vehicle by Patrol Officer, Kyle Doebrich.  (Complaint, p. 2.)  Plaintiff alleges that he was "treated

with misconduct" which resulted in him being sent to jail and suffering physical injuries. *Id.* Plaintiff alleges that his right finger, face, and shoulder were injured during the encounter. *Id.* Plaintiff requests seven million dollars in damages. *Id.*

**Facts**

{¶5} In support of its motion for summary judgment, defendant submitted the affidavit of Trooper Kyle Doebrich (Doebrich), an Investigation Report, the affidavit of Shawn George, a Sergeant with the Cincinnati Police Department, and the affidavit of Christopher Noble, probation office supervisor for the Hamilton County Adult Probation Department. Defendant argues in its motion for summary judgment that the force used by Doebrich was reasonable and necessary under the circumstances.

{¶6} Though plaintiff filed a letter in response to defendant's motion, plaintiff submitted no evidence required by Civ.R. 56. Moreover, plaintiff's letter does not contest the factual averments in the affidavits submitted by defendant that relate to the circumstances of the traffic stop or the actions of Doebrich removing plaintiff from his vehicle and effectuating plaintiff's arrest.

{¶7} On March 7, 2018, Doebrich observed a vehicle traveling 50 miles per hour in a 25 mile per hour zone. (Doebrich Aff., ¶ 3-4.) Doebrich also observed that the vehicle's dark tinted windows appeared to exceed the regulations permitted by law. *Id.* Doebrich initiated a traffic stop, and plaintiff's vehicle came to a stop near 711 Ridgeway Avenue in Cincinnati, Ohio. *Id.* When Doebrich approached the driver's side of plaintiff's vehicle, he observed plaintiff reach towards the center console of the vehicle. *Id.* at ¶ 5. When plaintiff rolled down the driver's side window, Doebrich smelled a strong odor that he believed to be raw marijuana emanating from the vehicle. *Id.* Doebrich also observed plaintiff drink a liquid from a plastic container that was soiled with ash and debris, which Doebrich believed to contain contraband. *Id.*

{¶8} Doebrich moved to the driver's side door and ordered plaintiff to exit the vehicle so that he could conduct a probable cause search of the vehicle. *Id.* at ¶ 6.

Doebrich then opened the driver's door and observed marijuana debris on the driver's side floor board. *Id.* Plaintiff did not immediately exit the vehicle. *Id.* Instead, plaintiff ignored Doebrich's order and began reaching his right hand toward the front passenger seat of the vehicle. *Id.* Doebrich then ordered plaintiff to "show [him] his hands," but plaintiff again ignored Doebrich's order and continued reaching towards the front passenger side floor board of the vehicle. *Id.* Based upon his education, training, and experience, Doebrich believed that plaintiff could be reaching for a weapon. *Id.* at ¶ 7. Doebrich grabbed plaintiff's left wrist and removed him from the vehicle with the assistance of a Cincinnati Police Department (CPD) officer. *Id.* Doebrich maintained control of plaintiff's left hand and placed it behind plaintiff's back. *Id.* Doebrich also observed plaintiff resist the CPD officer's attempt to gain control of his right hand and the CPD officer's order to stop resisting. *Id.* Once plaintiff stopped resisting, Doebrich was able to handcuff plaintiff and place him in the back of his patrol cruiser. *Id.*

{¶9} Plaintiff was argumentative and uncooperative during the search of his person. *Id.* at ¶ 8. Plaintiff also refused to allow the officers to take photos of him and declined medical treatment. *Id.* Following the arrest, plaintiff was charged with resisting arrest, illegal use or possession of drug paraphernalia, obstructing official business, driving under suspension, reckless operation of motor vehicle, a tinted window violation, and a safety restraint violation. *Id.* at ¶ 9. Plaintiff was later transported to the Hamilton County Justice Center. *Id.* On August 6, 2018, plaintiff was found guilty of resisting arrest for the incident and was placed on probation. *Id.* at ¶ 10.

**Law and Analysis**

{¶10} Plaintiff brings claims for assault and battery. "[T]he tort of assault is defined as the willful threat or attempt to harm or touch another offensively, which threat or attempt reasonably places the other in fear of such contact." *Smith v. John Deere Co.*, 83 Ohio App.3d 398, 406, 614 N.E.2d 1148 (10th Dist.1993). "A person is subject to liability for battery when he acts intending to cause a harmful or offensive contact,

and when a harmful contact results." *Love v. Port Clinton*, 37 Ohio St.3d 98, 99, 524 N.E.2d 166 (1988).

{¶11} "Officers are privileged to commit battery when making a lawful arrest, but the privilege is negated by the use of excessive force." *Alley v. Bettencourt*, 134 Ohio App.3d 303, 313, 730 N.E.2d 1067 (4th Dist.1999). "The use of force against another for the purpose of effecting the arrest or recapture of the other, or of maintaining the actor's custody of him, is not privileged if the means employed are in excess of those which the actor reasonably believes to be necessary." Restatement of the Law 2d, Torts 236, Section 132 (1965). "[I]f the actor is making or attempting to make an arrest for a criminal offense he is acting for the protection of the public interest and is permitted even a greater latitude of discretion than when he acts in self-defense, and he is not liable unless the means which he uses are clearly excessive." *Id.* at 236, Section 132, comment a (1965).

{¶12} "Ohio courts also recognized that a police officer is justified at common law to use reasonable force in the course and scope of his law enforcement duties." *State v. White*, 142 Ohio St.3d 277, 2015-Ohio-492, ¶ 17. "A peace officer duly empowered is not liable for injuries inflicted by him in the use of reasonably necessary force to preserve the peace and maintain order, or to overcome resistance to his authority." *Id.*, quoting *State v. Sells*, 2d Dist. Fayette No. 243, 1939 Ohio Misc. LEXIS 865, (Nov. 6, 1939). Therefore, "only in cases where excessive force is used, that is, force going clearly beyond that which is reasonably necessary to make an arrest, can such force be claimed an assault and battery by the person arrested." *Schweder v. Baratko*, 103 Ohio App. 399, 403, 143 N.E.2d 486 (8th Dist.1957). "The reasonableness of force is measured by the facts and circumstances of each particular case, including the severity of the crime, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Alley* at 313, citing *Graham v. Connor*, 490 U.S. 386, 396 (1989).

{¶13} Based upon the uncontested affidavit testimony put forth by defendant, the court finds that the force used by Trooper Doebrich was reasonable and necessary under the circumstances.  It is undisputed that upon making a legal traffic stop, Doebrich observed plaintiff reaching towards the center console of the vehicle.  It is also undisputed that plaintiff ignored multiple orders from Doebrich to "show [him] his hands." Based upon Doebrich's education, training, and experience, he believed that plaintiff could be reaching for a weapon.  In response, Doebrich grabbed plaintiff's left wrist to remove him from the vehicle.  It is also uncontested that plaintiff ignored multiple orders from arresting officers to stop resisting once he was removed from the vehicle. Accordingly, the court finds that there is no genuine issue of material fact regarding the reasonableness and necessity of the force Doebrich used to effectuate plaintiff's arrest.

**Conclusion**

{¶14} Based upon the foregoing, the court concludes that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law.  As a result, defendant's motion for summary judgment is GRANTED and judgment is hereby rendered in favor of defendant.  All previously scheduled events are VACATED. All pending motions are DENIED as moot.  Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed March 25, 2020**
**Sent to S.C. Reporter 5/8/20**